Milagros **AYALA–GONZALEZ,**
Plaintiff,

v.

Pedro A. **TOLEDO–DAVILA,** Superin-
tendent of Police of the Common-
wealth of Puerto Rico, Dr. Luis A.
Quinones–Esquilin, Defendants.

Civil No. 06–1650 (DRD).

United States District Court,
D. Puerto Rico.

Aug. 31, 2007.

Eileen J. Barresi–Ramos, Barresi Law
Office, Trujillo Alto, PR, Erick Morales–
Perez, Erick Morales Law Office, Carolina,
PR, for Plaintiff.

Idza Diaz–Rivera, P.R. Department of Justice, Federal Litigation, San Juan, PR, for Defendants.

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court are several motions, to wit: (a) *Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(b)(1)* filed by defendants, the Puerto Rico Police Department, and the Commonwealth of Puerto Rico (Docket No. 28); and (b) *Plaintiff's Response In Opposition To Defendants' Motion To Dismiss* (Docket No. 33). For the reasons set forth below, the defendants' motion to dismiss is denied.

### Introduction

The instant complaint was filed on June 28, 2006 against Pedro A. Toledo Dávila ("Toledo"), Superintendent of Police of the Commonwealth of Puerto Rico, and Dr. Luis A. Quiñones–Esquilín ("Quiñones"), triggered by a *Notice of Suit Rights* dated March 31, 2006. *See Complaint* at ¶ 2, and Exhibit No. 1 (Docket No. 1). Upon a *Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(b)(1) and 12(b)(6)* filed by Toledo and Quiñones, and an opposition thereto (Docket entries No. 12, 13, 14 and 15), the Court dismissed the complaint as to Toledo and Quiñones (Docket No. 18), for being time barred. The Court granted ten (10) days to plaintiff to amend the complaint to include the Puerto Rico Police Department ("PRPD"), and the Commonwealth of Puerto Rico ("Commonwealth" and/or collectively "defendants"). An *Amended Complaint* was filed on October 9, 2007 (Docket No. 21), and defendants' motion to dismiss followed, as well as plaintiff's opposition (Docket entries No. 28 and 33).

The defendants allege that dismissal with prejudice of the instant action is warranted on the following grounds: (a) lack of jurisdiction, as plaintiff failed to exhaust the administrative remedies; and (b) the action is time barred, as the amended complaint was filed on October 9, 2007, that is, "193 days after receiving her right-to-sue letter, 103 days late." *See* Docket No. 28 at page 5.

### Factual Background

The facts of this case were summarized in our *Opinion and Order* of August 31, 2007 (Docket No. 18). In a nutshell, on October 14, 2004, plaintiff, a female police officer, was subjected to an at random urine test. She was unable to provide the full amount of the sample requested due to her menses. The officer of the Forensic Science Institute, simply stated in the custody document "that plaintiff refused to provide the sample and follow the test procedures." *See Amended Complaint* at ¶ 13 (Docket No. 21). Plaintiff was referred to the Medical Examining Officer ("MEO"), Dr. Quiñones, who after interviewing plaintiff referred her to Dr. Carlos Maestre ("Maestre"), an urologist, for a medical evaluation to determine whether plaintiff was suffering from any renal condition that prevented her from urinating. On October 21, 2004, Dr. Maestre "recommended that plaintiff be tested when not menstruating." *See Amended Complaint* at ¶ 15 (Docket No. 21).

Notwithstanding the recommendations of Dr. Maestre, on October 25, 2004, the MEO "concluded that plaintiff's action constituted a virtual refusal to submit to the control substance test." *See Amended Complaint* at ¶ 16 (Docket No. 21). On November 4, 2004, the Superintendent of the Police "summarily suspended plaintiff from her duties, without pay, because plaintiff had unjustifiably refused to submit to the control substance test." *See Amended Complaint* at ¶ 17 (Docket No.

21). Eventually, plaintiff was "expelled" from the PRPD on January 13, 2005 by the former Police Superintendent Pedro A. Toledo. *See Amended Complaint* at ¶ 18 (Docket No. 21).

### Applicable Law and Discussion

To determine whether the individual defendants herein are plaintiff's employers, a review of the applicable definitions of "employer" is mandated. The Puerto Rico Police Act of 1996 governs the Puerto Rico Police Department, 25 L.P.R.A. §§ 3101, *et seq.* Section 3102 provides that the Puerto Rico Police is a "civil organization for public order ... created in the Commonwealth of Puerto Rico...." "**The members of the Police Force shall be included in the Career Service.**" (Emphasis ours). *See also* 3 L.P.R.A. § 1461, *et seq.* Section 3103 provides that "[t]he supreme authority in the direction of the Police shall be vested in the Governor of Puerto Rico, but the immediate administration and direction of the organization shall be delegated on a Superintendent." The Puerto Rico Police Department is also an employer under 42 U.S.C. § 2000e(b), "employer means a person engaged in an industry affecting commerce who has fifteen or more employees...." "Person includes one or more individuals, governments, governmental agencies, political subdivisions...." 42 U.S.C. § 2000e(a).

Pursuant to the above cited provisions, the Court finds that plaintiff's employer is the Commonwealth of Puerto Rico through its instrumentality the Puerto Rico Police Department, but certainly not the individual defendants herein. Hence, plaintiff's leave to amend the complaint to include the Puerto Rico Police Department is granted (Docket entries No. 13 and 16).

B. *The motion to dismiss standard under Fed.R.Civ.R. 12(b)(6).*

Fed.R.Civ.P. 12(b)(6) provides that a complaint will be dismissed for "failure to state a claim upon which relief can be granted." When considering a motion to dismiss, the court "must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of plaintiffs." *Lopez Quiñonez, et al. v. Puerto Rico National Guard, et al.,* 488 F.Supp.2d 112, 117–118 (D.P.R.2007); *Sanchez Ramos v. Puerto Rico Police Department, et al.,* 392 F.Supp.2d 167, 180 (D.P.R.2005). "Dismissal under Fed. R.Civ.P. 12(b)(6) is appropriate only if the facts alleged by the plaintiff, taken as true, do not justify recovery." *Id.* Hence, the Court will determine whether dismissal is warranted after considering the factual allegations and the remedy requested.

C. *Whether the present action is time barred as to defendants Toledo and Quiñones.*

Defendants moved to dismiss the instant complaint under Fed.R.Civ.P. 12(b)(6), that is, failure to state a claim upon which relief can be granted. The Court, however, will first determine whether the instant action is time barred under the Civil Rights Act of 1964 and 1991, a question that was overlooked by the defendants.

"Civil rights actions brought forth pursuant to § 1983 of the Civil Rights Act of 1991 do not have a specific statute of limitations." *Sanchez Ramos,* 392 F.Supp.2d at 180. *See also Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1982) (One year statute of limitations applicable to action brought under both the Civil Rights Act of 1964 and 1991). Hence the "states have been encouraged to, and must apply, the state's statute of limitations which is most appropriate to the particular § 1983 claim." *Sanchez Ramos,* 392 F.Supp.2d at 180. In the case of Puerto Rico, the most analo-

gous statute of limitations to a § 1983 claim is the one year personal injury action statute of limitations. *Id.* citing *Ruiz–Sulsona v. University of Puerto Rico*, 334 F.3d 157, 160 (1st Cir.2003); *Rodriguez Narvaez v. Nazario*, 895 F.2d 38, 41–42 (1st Cir.1990); *Rivera Sanchez v. Autoridad de Energia Electrica*, 360 F.Supp.2d 302, 307 (D.P.R.2005). Hence, the statute of limitations applicable to an action under the Civil Rights Act of 1964 and 1991 is one year from the date that the employee is notified in writing of this discharge. *See Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6. However, "[p]laintiff should keep in mind that 'the pendency of an administrative proceeding does not maintain the section 1983 claim in a state of suspended animation.'"[1] *Sanchez Ramos*, 392 F.Supp.2d at 181 (citations omitted). "[T]he filing of an administrative complaint with the Department of Labor, EEOC Local Office, fails to toll **in any way** the running of the statute of limitations for claims pursuant as to a civil rights complaint under § 1983 against the natural persons individual co-defendants." (Citations omitted). *Id.*

■ In the instant case, plaintiff was "expelled" from the Puerto Rico Police Department on January 15, 2005, and the complaint was filed on June 28, 2006, that is, one year and a little more than five (5) months after the statute of limitations under the Civil Rights Act of 1964 and 1991 had expired. The filing of the administrative complaint with the EEOC only tolled the one year period of the statute of limitations as to the employer, but not as to the natural persons sued in their individual capacities. *See Sanchez Ramos*, 392 F.Supp.2d at 182, citing *Leon–Nogueras v. University of Puerto Rico*, 964 F.Supp. 585 (D.P.R.1997); *Galib Frangie v. El Vocero*, 138 D.P.R. 560 (1995); *Cintron v. E.L.A.*, 127 D.P.R. 582 (1990). Hence, this action is time barred as to defendants Toledo and Quiñones in their individual capacities. The instant case is dismissed as to defendants Toledo and Quiñones.[2]

### Conclusion

For the reasons set forth above, the federal claims are hereby dismissed with prejudice, and the state law claims are dismissed without prejudice, as to defendants Toledo and Quiñones. The Court finds that the complaint fails to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), for the complaint is time barred. *See* Docket entries No. 12 and 14. Plaintiff is granted ten (10) days to amend the complaint to include the Puerto Rico Police Department, and the Commonwealth of Puerto Rico. *See* Docket entries No. 13 and 15.

IT IS SO ORDERED.

---

1. 392 F.Supp.2d at 181, n.7. "A *contrario sensu* a 'suspended animation' occurs under an EEOC charge with one important distinction-the statute calls for 'suspended animation' against the employer, in this case, the Police Department, but not the natural persons sued herein in the individual capacities, for a definite period of time after the issuance of the right to sue letter." *Sanchez Ramos, supra*, citing *Love v. Pullman*, 404 U.S. 522, 526, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); Civil Rights Act of 1964, § 706(c), 42 U.S.C. § 2000e–5.

2. Under federal law, there are no claims against Toledo and Quiñones, as they are not plaintiff's employers under the "employer" definition provided by 42 U.S.C. § 2000e(a). *See Sanchez Ramos*, 392 F.Supp.2d at 179, n.6.