**Carlos L. Gonzalez FIGUEROA, et al., Plaintiffs,**

v.

**J.C. PENNEY PUERTO RICO, INC., Defendant.**

**Civil No. 07–1258(JAG).**

United States District Court, D. Puerto Rico.

Nov. 5, 2007.

Marcelle D. Martell, Marcelle D. Martell Jovet Law Office, San Juan, PR, for Plaintiff.

Gerardo J. Hernandez, Kenneth C. Suria–Rivera, William Estrella Law Offices, San Juan, PR, for Defendant.

## OPINION AND ORDER

JAY A. GARCIA–GREGORY, District Judge.

Pending before the Court is Defendant J.C. Penney Puerto Rico, Inc.'s Motion to Dismiss. (Docket No. 11). For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion.

### FACTUAL AND PROCEDURAL BACKGROUND

According to Carlos L. Gonzalez Figueroa, on June 2005, his employer offered him a Hobson's choice: to either accept a retirement or be demoted. (Docket No. 1). On September 18, 2005 Carlos L. Gonzalez Figueroa was demoted. As a result, on May 11, 2006, Plaintiff Carlos L. Gonzalez Figueroa filed a "Charge of Discrimination" before the Equal Employment Opportunity Commission ("EEOC") against his employer J.C. Penney Puerto Rico, Inc., a corporate entity incorporated in the Commonwealth of Puerto Rico, with its principal place of business in San Juan, Puerto Rico. On May 23, 2006, the EEOC issued a "Notice of Charge of Discrimination" addressed to J.C. Penney Puerto Rico Inc. On December 28, 2006, the EEOC issued to Carlos L. Gonzalez Figueroa a notice of right to sue letter. (Docket No. 19, Exh. 2).

On March 27, 2007, Carlos L. Gonzalez Figueroa, his wife Elsa Ivette Bermudez Mendez, and their children Karla Mitchelle Gonzalez Bermudez, Karla Marie Gonzalez Bermudez, and Carlos Manuel Gonzalez Bermudez ("Plaintiffs") filed suit solely against J.C. Penney Corporation, Inc., a State of Delaware corporation. (Docket No. 1). Thereafter, J.C. Penney Puerto Rico, Inc. and J.C. Penney Corporation, Inc. moved to dismiss Plaintiffs' complaint. (Docket Nos. 6, 10).[1]

On May 16, 2007, Plaintiffs filed an amended complaint substituting Defendant J.C. Penney Corporation, Inc. for J.C. Penney Puerto Rico, Inc. (hereinafter "Defendant"[2]). The amended complaint alleges discriminatory acts under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, Puerto Rico's Act No. 100 of June 30, 1959, 29 P.R. Laws Ann. § 146, *et seq.*, and under the tort statute, Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141. (Docket No. 7).

On June 1, 2007, Defendant filed a "Motion to Dismiss Amended Complaint" in which it moved to dismiss Plaintiffs' ADEA claim. In said motion, Defendant avers that Plaintiffs failed to exhaust administrative remedies because they did not comply with the 90 day period for filing their cause of action. Defendant states that it was not a party in the complaint initially filed by Plaintiff. Defendant contends that in the amended complaint, which was filed on May 15, 2007, Plaintiffs added Defendant as a new party and that Plaintiffs missed the 90–day deadline for filing because the amended complaint was filed more than (40) forty days after the 90–day deadline expired.

Defendant also contends that there is no basis for allowing equitable tolling of the above mentioned 90 day filing period. Finally, Defendant alleged that Plaintiffs' cause of action under article 1802 of the Puerto Rico Civil Code was time barred because more than one year had elapsed from the moment Plaintiffs had full knowledge of the alleged tortious conduct and the filing of the original and amended complaint. (Docket No. 11).

Afterwards, Defendant filed a motion to consider its Motion to Dismiss as unopposed, (Docket No. 15), which was opposed by Plaintiffs. (Docket No. 17). The Court denied Defendant's motion to consider its Motion to Dismiss as unopposed. (Docket No. 18).

Plaintiffs also opposed Defendant's Motion to Dismiss. Plaintiffs contend that their ADEA claim is not time barred because pursuant to Fed.R.Civ.P 15(c) the amended complaint relates back to the original complaint. In addition, Plaintiffs contend that their Article 1802 cause of action is automatically tolled because the claim is derivative of the cause of action under ADEA and could not be filed until the administrative proceedings pertaining to the ADEA claim had concluded. (Docket No. 16).

On June 27, 2007, Defendant filed a "Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss the Amended Complaint" in which it alleges that Plaintiffs failed to meet Fed.R.Civ.P 15(c) requirements. Furthermore, Defendant contends that the filing of the administrative complaint at the EEOC did not toll the one year statute of limitations of Plaintiff's tort claim. (Docket No. 19–2).

## STANDARD OF REVIEW

### A. *Motion to Dismiss Standard*

Under Fed.R.Civ.P. Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. As courts of limited jurisdiction, federal courts must narrowly construe jurisdictional grants. *See e.g., Alicea–Rivera v. SIMED*, 12 F.Supp.2d 243, 245 (D.P.R.1998). Consequently, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995); *Droz–Serrano v. Caribbean Records Inc.*, 270 F.Supp.2d 217 (D.P.R.2003). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as ... depositions and exhibits." *See Aversa v.*

---

1. Both Motions to Dismiss were subsequently denied as moot because Plaintiffs filed an amended complaint. (Docket No. 24).

2. From this point on, J.C. Penney Puerto Rico, Inc. shall be referred to as "Defendant."

*United States,* 99 F.3d 1200, 1210 (1st Cir. 1996).

▮▮▮ Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. *Negron–Gaztambide v. Hernandez–Torres,* 35 F.3d 25, 27 (1st Cir.1994); *Torres Maysonet v. Drillex, S.E.,* 229 F.Supp.2d 105, 107 (D.P.R. 2002). Under Rule 12(b)(6), dismissal is proper "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Gonzalez–Morales v. Hernandez–Arencibia,* 221 F.3d 45, 48 (1st Cir.2000)(*quoting Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990)). Under Rule 12(b)(1), dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable.

▮▮ In *Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95–96 (1st Cir.2007)(quoting *Twombly,* 127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Twombly,* 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

▮▮ The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*quoting Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## Discussion

### 1. *Exhaustion of Administrative Remedies*

▮▮ The doctrine of exhaustion of administrative remedies is well established in federal and local jurisprudence. The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Gonzalez v. Ritz Carlton Hotel Co.,* 241 F.Supp.2d 142, 144 (D.P.R. 2003). An ADEA plaintiff must file a timely charge with EEOC, as a prerequisite to filing suit in federal court. 29 C.F.R. §§ 1626.1–1626.19. Such compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation under the ADEA. *Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico,* 160 F.Supp.2d 188, 194–195 (D.P.R.2001).

▮▮ It is important to note that the ADEA specifically provides that an ADEA charge made at the EEOC should contain the name and address of the person against whom the charge is made. 29 C.F.R. §§ 1626.8(b) and 1626.6. In accordance with this principle, this Court has held that the general rule is that a person or party not named in an EEOC charge is not subject to suit. *Adorno–Rosado v. Wackenhut Puerto Rico, Inc.,* 98 F.Supp.2d 181 (D.P.R.2000). The administrative charge requirement "ensures that the defendant has notification of the pending proceedings, and ... furthers the goal of voluntary compliance with Title VII ..." *McKinnon,* 83 F.3d at 505; *Vargas–Caban v. Sally Beauty Supply Co.,* 476 F.Supp.2d 109, 115 (D.P.R.2007).

▮▮ Pursuant to 42 U.S.C. § 2000e–5(f)(1), an aggrieved individual must institute civil proceedings within 90 days from receipt of the Right–to–Sue notice issued by the pertinent government agency. The 90–day

filing rule is not a jurisdictional prerequisite to suit in federal court, but rather a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *American Airlines v. Cardoza–Rodriguez*, 133 F.3d 111 (1st Cir.1998); *McKinnon v. Kwong Wah Rest.*, 83 F.3d 498 (1st Cir.1996).

Our Circuit "hew[s] to a narrow view of equitable exceptions" to the ADEA limitation periods. *Rys v. United States Postal Serv.*, 886 F.2d 443, 446 (1st Cir.1989); *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 185 (1st Cir.1989); *see also Earnhardt v. Commonwealth of Puerto Rico*, 691 F.2d 69, 71 (1st Cir.1982). The Supreme Court has stated that "one who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Furthermore, the Supreme Court has delineated the following circumstances under which equitable modification may be granted to an ADEA plaintiff:

> [where] a claimant has received inadequate notice, or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or where the court has led the plaintiff to believe that she had done everything required of her, ... [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. *Id.; Rys*, 886 F.2d at 446.

The facts in this case could lead to the conclusion that Plaintiffs claim was untimely filed. In the present case, the EEOC charge contained Defendant's name i.e. J.C. Penney Puerto Rico, Inc. However, Plaintiffs filed the original complaint against J.C. Penney Corporation Inc, the Delaware corporation. After the 90 day filing period had expired,

Plaintiffs filed the amended complaint correctly naming Defendant as J.C. Penney Puerto Rico, Inc. As such, Plaintiffs amended complaint would be time barred because it failed to comply with the 90 day filing period and none of the situations where our Circuit has permitted equitable is present.[3] Nonetheless, Plaintiffs posits that their amended complaint is not time barred for failing to comply with administrative remedies because it relates back to the original complaint.

Rule 15(c)[4] controls whether an amended complaint, which adds a necessary defendant but is filed after the limitations period has run, may "relate back" to the filing of the original complaint and thereby escape a timeliness objection. *Rys v. United States Postal Serv.*, 886 F.2d 443, 445 (1st Cir.1989). Rule 15(c)(3) provides that an amendment which changes the party or the naming of the party against whom a claim is asserted relates back to the date of the original complaint if: 1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, 2) the newly named defendant must have received notice of the claim prior to expiration of the term to serve the complaint, i.e. 120 days from having filed suit and the party will not be prejudiced in maintaining a defense on the merits, and 3) but for a mistake in identity the plaintiff would have named the substituting defendant in the original pleading. Fed.R.Civ.P. 15(c)(3); *see also Leonard v. Parry*, 219 F.3d 25, 28 (1st Cir.2000); *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). The second and third requirements must have been fulfilled within the prescribed limitations period. *Id.*

Rule 15(c)(3)'s second condition, regarding notice, does not require actual ser-

---

3. In the present case, there can be no equitable modification to the 90 day filing requirement because Plaintiffs: 1) did not receive inadequate notice, 2) a motion for appointment of counsel is not pending, 3) the court has not led the plaintiff to believe that she has done everything required of her, and 4) there is no affirmative misconduct on the part of a defendant that lulled the plaintiff into inaction.

4. According to Rule 15(c), Federal Rules of Civil Procedure, an amendment substituting a party

relates back to the original complaint if the claim or defense contained in the amendment derives from the occurrence set forth in the original pleading and that the party to be brought has received adequate notice of the complaint and knew or should have known that, but for a mistake in designation, the action would have been brought against him. *See also Santiago v. Becton Dickinson & Co., S.A.*, 539 F.Supp. 1149 (D.P.R. 1982).

vice of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir.2001). The Supreme Court has stated that the "timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permit imputation of notice to a subsequently named and sufficiently related party." *Schiavone v. Fortune*, 477 U.S. at 29, 106 S.Ct. 2379.

The guideposts for evaluating whether two parties possess a sufficient identity of interest to permit relation back are not well-defined. *Young v. Lepone*, 305 F.3d 1, 14–15 (1st Cir.2002) As to defendants, identity of interest typically means that parties are "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.; Singletary*, 266 F.3d at 197(citation and internal quotation marks omitted). "The substitution of such parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based." *Young*, 305 F.3d at 14–15(citing *Staren v. Am. Nat'l Bank & Trust Co.*, 529 F.2d 1257, 1263 (7th Cir.1976)). The identity of interest requirement reflects this line of thought; it "ensures that the old and new plaintiffs are sufficiently related so that the new plaintiff was in effect involved in [the proceedings] unofficially from an early stage." *Young*, 305 F.3d at 14–15; *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1309 (D.C.Cir.1982) (citation and internal quotation marks omitted).

Regarding the third requirement of Rule 15(c)(3), our Circuit has held that to satisfy this criterion, the amendment's proponent must show not only that he made a mistake anent the proper party's identity, but also that the later-named party, within the prescribed time limit, knew or should have known that, but for this mistake, the action would have been brought against her.[5] *Leonard*, 219 F.3d at 28. Rule 15(c) "encompasses both mistakes that were easily avoidable and those that were serendipitous." *Id.* at 29 (The Circuit Court held that the District Court erred in determining that "if a plaintiff knew or, through the exercise of reasonable diligence, could have known the identity of the proper defendant within the pertinent limitations period, but waited until after that period lapsed before seeking to add that defendant, he cannot avail himself of the protections of Rule 15(c).").

As written, Fed.R.Civ.P. 15(c)(3) has three requirements: (1) same transaction, (2) timely notice, and (3) knowledge of a mistake in identity. *Leonard*, 219 F.3d at 28. The parties do not dispute that the first condition, that the claim against the newly named defendants must have arisen "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," is met. Rule 15(c)(3)'s second condition is also met.

In the present case, even though Defendant was not named in the original complaint it was aware of the proceedings from an early stage. The original suit was served at and received by the manager of the J.C. Penney Store located in the Plaza Las Americas Shopping Center in San Juan, Puerto Rico. Furthermore, Defendant shared an attorney with the named defendant in the original complaint, J.C. Penney Corporation Inc.[6]

---

5. What the plaintiff knew (or thought he knew) at the time of the original pleading generally is the relevant datum in respect to the question of whether a mistake concerning identity actually took place. *Leonard*, 219 F.3d at 29. Knowledge acquired by a plaintiff after filing his original complaint is without weight in determining his state of mind at the time he filed the initial complaint and, thus, in determining whether a mistake concerning identity occurred. *Id.* "However, even the most liberal interpretation of 'mistake' cannot include a deliberate decision not to sue a party whose identity plaintiff knew

from the outset." *Wells v. HBO & Co.*, 813 F.Supp. 1561, 1567 (N.D.Ga.1992); *see also id.; Powers v. Graff*, 148 F.3d 1223, 1227 (11th Cir. 1998).

6. Several Circuit Court have adopted the "share attorney" method of imputing Rule 15(c)(3) notice. Said method is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action. *Singletary*, 266 F.3d

Defendant even moved to dismiss the original complaint despite the fact that it was not a named defendant. (See Docket No. 11). As such, this Court holds that there is a sufficient identity of interest between Defendant and J.C. Penney Corporation Inc.[7]

In addition, Plaintiffs satisfied Rule 15(c)(3) third requirement. There are five (5) corporations registered with the Puerto Rico Department of State with J.C. Penney as part of their name. (Docket No. 6, Exh. B). Plaintiffs mistakenly chose to place J.C. Penney Corporation, Inc. as the named defendant in the original complaint. Nonetheless, as mentioned above, Defendant was well aware that there was a suit against it and that were it not for said mistake, the action would have been brought against it. Consequently, this Court holds that Plaintiffs have satisfied all of the requirements set forth in Rule 15(c)(3). As a result, Plaintiffs amended complaint relates back to the original complaint and, therefore, their ADEA claim is not time barred.

### 2. *Article 1802 Statute of Limitations*

Defendant contends that Plaintiffs' claim is time barred. To that end, Defendant posits that the applicable statute of limitations is one year and that more than one year has passed since the facts that give rise to the instant complaint and the filing of said complaint. Here, the parties agree that the appropriate statute of limitations is Puerto Rico's one-year period governing tort actions, 31 P.R. Laws Ann. § 5298(2). The one year statute of limitation accrues upon the victim's knowledge of the injury. *Santiago v. Becton Dickinson & Co., S.A.,* 539 F.Supp. 1149 (D.P.R.1982).

Puerto Rico, like many other jurisdictions, tolls the running of the statute

until the claimant is on notice of her claim that is, notice of the injury, plus knowledge of the person who caused it. *Arturet–Velez v. R.J. Reynolds Tobacco Co.,* 429 F.3d 10, 14 (1st Cir.2005); *Rodriguez–Suris v. Montesinos,* 123 F.3d 10, 13 (1st Cir.1997); *Santiago v. Becton Dickinson & Co., S. A.,* 539 F.Supp. 1149 (D.P.R.1982)(The one year statute of limitation accrues upon the victim's knowledge of the injury). This does not require actual knowledge; it is enough that the would-be plaintiff had notice that would have led a reasonable person to investigate and so uncover the needed information. *Arturet–Velez,* 429 F.3d at 14; *Rodriguez–Suris,* 123 F.3d at 14–17; *Villarini–Garcia v. Hospital Del Maestro, Inc.,* 8 F.3d 81, 84 (1st Cir.1993).

Under 31 P.R. Laws Ann. § 5303, "prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." However, the Supreme Court of Puerto Rico has ruled that the filing of an administrative complaint will not toll the running statute of limitations for tort actions provided that an administrative agency, such as the EEOC, does not possess jurisdiction over such matters. *Sanchez Ramos v. P.R. Police Dep't,* 392 F.Supp.2d 167, 181 (D.P.R.2005)(quoting *Cintron v. E.L.A.,* 127 D.P.R. 582 (1990)); *see also Leon–Nogueras v. University of Puerto Rico,* 964 F.Supp. 585, 588–89 (D.P.R.1997).

Plaintiffs had knowledge of their injury since September 18, 2005, which was the date when Carlos L. Gonzalez Figueroa was demoted. On this date, Plaintiffs had notice of the injury, plus knowledge of the person who caused it. Consequently, the one year statute of limitations began to accrue on September 18, 2005.

---

at 196; *see also Gleason v. McBride,* 869 F.2d 688, 693 (2d Cir.1989); *Barkins v. Int'l Inns, Inc.,* 825 F.2d 905, 907 (5th Cir.1987); *Berndt v. State of Tennessee,* 796 F.2d 879, 884 (6th Cir. 1986).

**7.** Courts have found a sufficient identity of interest when the original and added plaintiffs are a

parent corporation and a wholly-owned subsidiary. *Hernandez Jimenez v. Calero Toledo,* 604 F.2d 99, 103 (1st Cir.1979). So too when they are "related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space, past and present forms of the same enterprise." *Id.*

On May 11, 2006, Plaintiff Carlos L. Gonzalez Figueroa filed an administrative complaint in the EEOC. However, as mentioned above, an administrative complaint filed in the EEOC does not toll the one year statute of limitation for tort actions under Article 1802 of the Puerto Rico Civil Code. As such, Plaintiffs had until September 18, 2006 to file a complaint or otherwise toll the statute of limitations pertaining to their tort action.

On March 27, 2007 Plaintiffs filed the original complaint. The complaint was filed more than 6 months late from the September 18, 2006 deadline. Thus, said complaint did not toll Plaintiffs' tort action statute of limitations. Consequently, Plaintiffs' tort action is time barred.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** in part and **DENIES** in part Defendant's Motion to Dismiss. (Docket No. 11). The Court holds that Plaintiffs' ADEA claim is not time barred. As such, Plaintiff Carlos L. Gonzalez Figueroa ADEA claim will continue.

However, Plaintiffs tort claims under the tort statute, Article 1802 of Puerto Rico Code are time barred and, therefore, are hereby dismissed with prejudice. Consequently, a Partial Judgement dismissing Plaintiffs Elsa Ivette Bermudez Mendez, Karla Mitchelle Gonzalez Bermudez, Karla Marie Gonzalez Bermudez, and Carlos Manuel Gonzalez Bermudez claims shall be entered.

IT IS SO ORDERED.