Milagros AYALA–GONZALEZ,
Plaintiff,

v.

Pedro A. TOLEDO DÁVILA, Superintendent of Police of the Commonwealth of Puerto Rico, Dr. Luis A. Quiñones–Esquilín, Defendants.

Civil No. 06–1650 (DRD).

United States District Court,
D. Puerto Rico.

March 31, 2009.

Eileen J. Barresi–Ramos, Barresi Law Office, Trujillo Alto, PR, Erick Morales–Perez, Erick Morales Law Office, Carolina, PR, for Plaintiff.

Idza Diaz–Rivera, P.R. Department of Justice—Federal Litigation, San Juan, PR, for Defendants.

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court are several motions, to wit: (a) *Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(b)(1)* filed by defendants, the Puerto Rico Police Department, and the Commonwealth of Puerto Rico (Docket No. 28); and (b) *Plaintiff's Response In Opposition To Defendants' Motion To Dismiss* (Docket No. 33). For the reasons set forth below, the defendants' motion to dismiss is denied.

### Introduction

The instant complaint was filed on June 28, 2006 against Pedro A. Toledo Dávila ("Toledo"), Superintendent of Police of the Commonwealth of Puerto Rico, and Dr. Luis A. Quiñones–Esquilín ("Quiñones"), triggered by a *Notice of Suit Rights* dated March 31, 2006. *See Complaint* at ¶ 2, and Exhibit No. 1 (Docket No. 1). Upon a *Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(b)(1) And 12(b)(6)* filed by Toledo and Quiñones, and an opposition thereto (Docket entries No. 12, 13, 14 and 15), the Court dismissed the complaint as to Toledo and Quiñones (Docket No. 18), for being time barred. The Court granted ten (10) days to plaintiff to amend the complaint to include the Puerto Rico Police Department ("PRPD"), and the Commonwealth of Puerto Rico ("Commonwealth" and/or collectively "defendants"). An *Amended Complaint* was filed on October 9, 2007 (Docket No. 21).

A review of the *Amended Complaint* shows that all causes of action under state law were eliminated, and only the claims under Title VII survived the amendments. Defendants' motion to dismiss followed, as well as plaintiff's opposition (Docket entries No. 28 and 33).

Defendants allege that dismissal with prejudice of the instant action is warranted on the following grounds: (a) lack of subject matter jurisdiction, as plaintiff failed to exhaust the administrative remedies; and (b) the action is time barred, as the amended complaint was filed on October 9, 2007, that is, "193 days after receiving her right-to-sue letter, 103 days late." *See* Docket No. 28 at page 5.

### Factual Background

The facts of this case were summarized in our *Opinion and Order* of August 31, 2007, 610 F.Supp.2d 153. In a nutshell, on October 14, 2004, plaintiff, a female police officer, was subjected to a random urine test. She was unable to provide the full amount of the sample requested due to her menses. The officer of the Forensic Science Institute, simply stated in the custody document "that plaintiff refused to provide the sample and follow the test procedures." *See Amended Complaint* at ¶ 13 (Docket No. 21). Plaintiff was referred to the Medical Examining Officer ("MEO"), Dr. Quiñones, who after interviewing plaintiff referred her to Dr. Carlos Maestre ("Maestre"), an urologist, for a medical evaluation to determine whether plaintiff was suffering from any renal condition that prevented her from urinating. On October 21, 2004, Dr. Maestre "recommended that plaintiff be tested when not menstruating." *See Amended Complaint* at ¶ 15 (Docket No. 21).

Notwithstanding the recommendations of Dr. Maestre, on October 25, 2004, the

MEO "concluded that plaintiff's action constituted a virtual refusal to submit to the control substance test." *See Amended Complaint* at ¶ 16 (Docket No. 21). On November 4, 2004, the Superintendent of the Police "summarily suspended plaintiff from her duties, without pay, because plaintiff had unjustifiably refused to submit to the control substance test." *See Amended Complaint* at ¶ 17 (Docket No. 21). Eventually, plaintiff was "expelled" from the PRPD on January 13, 2005 by the former Police Superintendent Pedro A. Toledo. *See Amended Complaint* at ¶ 18 (Docket No. 21).

### Applicable Law and Discussion

#### The Motion to Dismiss Standard under Fed.R.Civ.P. 12(b)(1).

"When a court is confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it ordinarily ought to decide the former before broaching the latter." (citations omitted). *Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 149 (1st Cir. 2002). "After all, if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest." 285 F.3d at 150.

Rule 12(b)(1) provides that a complaint will be dismissed if the court lacks subject matter jurisdiction. It is settled that the standard followed by the court when considering a dismissal request under Rule 12(b)(1), is that the court "must accept as true all well-pleaded factual claims and indulge all reasonable inferences in plaintiff's favor." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir.1998), as restated in *Rolón v. Rafael Rosario & Associates, Inc., et al.*, 450 F.Supp.2d 153, 156 (D.P.R. 2006). To determine jurisdiction under Rule 12(b)(1), the court may also review the evidence on record, including affidavits and depositions, as opposed to a dismissal request under any other subsection of Rule 12(b). Once the jurisdiction of the court is challenged by the defendant through a motion to dismiss, "it is plaintiff's burden to establish that the court has jurisdiction." *Rolón*, 450 F.Supp.2d at 156.

"Federal Courts are courts of limited jurisdiction," *Rolón, supra*, thus, "this Court has the responsibility to police the border of federal jurisdiction" *Spielman v. Genzyme Corp.*, 251 F.3d 1 (1st Cir.2001), and "must rigorously enforce the jurisdictional limits [standards] that Congress chooses," *Del Rosario Ortega v. Star Kist Foods*, 213 F.Supp.2d 84, 88 (D.P.R.2002) (citing *Coventry Sewage Associates v. Dworkin Realty Co.*, 71 F.3d 1, 3 (1st Cir.1995)), as restated in *Rolón*, 450 F.Supp.2d at 156.

#### Exhaustion of Administrative Remedies

In the instant case, defendants allege that the Court lacks subject matter jurisdiction, under Fed.R.Civ.P. 12(b)(1), as plaintiff failed to exhaust the administrative remedies. The Court disagrees and briefly explains.

It is well settled that an aggrieved employee shall exhaust the administrative remedies before filing its claim under Title VII, "a process that begins with the filing of an administrative charge before the EEOC [Equal Employment Opportunity Commission]." *Abraham v. Woods Hole Oceanographic Institute, et al.*, 553 F.3d 114, 119 (1st Cir.2009). Since Puerto Rico is a "deferral" jurisdiction for purposes of the filing of an administrative charge under Title VII, a person aggrieved has 300 days to file an administrative charge, pursuant to 42 U.S.C. § 2000e–5(e)(1).[1] *See*

---

1. 42 U.S.C. § 2000e–5(e)(1) provides in its relevant part:

(1) A charge under this section shall be filed within one hundred and eighty days

*Mohasco Corporation v. Silver,* 447 U.S. 807, 814–820, 822, 825, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); *Bonilla, et al. v. Muebles J.J. Alvarez, Inc.,* 194 F.3d 275, 278, n. 4 (1st Cir.1999); *Banks v. District of Columbia,* 377 F.Supp.2d 85, 90 (2005).

*Mohasco,* 447 U.S. 807, 100 S.Ct. 2486 is the leading case on the applicability of 42 U.S.C. § 2000e–5(e)(1) to deferral jurisdictions, as it interprets the word "filed" within the statutory language of section 2000e–5(e)(1). *Mohasco* clarified the con-

flict amongst several Court of Appeals, as to the filing term of an administrative charge for unlawful employment practice. Some courts, including the First Circuit (*Ciccone v. Textron Inc.,* 616 F.2d 1216 (1st Cir.1980), *cert. granted and reversed,* 449 U.S. 914, 101 S.Ct. 311, 66 L.Ed.2d 143 (1980)), have erroneously interpreted that in a deferral jurisdiction, the term to file an administrative charge under Title VII is 180 days, instead of 300 days, as provided by section 2000e–5(e)(1). *See also* 29 C.F.R. § 1601.74.[2] Part of the analysis

---

after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within **three hundred days after the alleged unlawful employment practice occurred,** or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, which is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency. (Emphasis supplied).

2.  29 C.F.R. § 1601.74 provides in its relevant part:
(a) The designated FEP agencies are: Commonwealth of Puerto Rico Department of Labor [Fn. 5]
5   The Commonwealth of Puerto Rico Department of Labor has been designated as a FEP agency for all charges except (1) charges alleging a "labor union" has violated title VII; (2) charges alleging an "Employment Agency" has violated title VII; (3) charges alleging violations of title VII by agencies or instrumentalities of the Government of Puerto Rico when they are not operating as private businesses or enterprises; and (4) all charges alleging violations of sec. 704(a) or title VII. For these types of

charges it shall be deemed a "Notice Agency," pursuant to 29 CFR 1601.71(b).

*See also* 49 Federal Register 6368–2 (February 21, 1984): "The Commission [EEOC] has determined that the Illinois Department of Human Rights and the Puerto Rico Department of Labor and Human Resources meet the eligibility criteria for certification of a designated 706 agency as established in 29 CFR 1601.75(b)." In *Calderón–Trujillo v. Ready Mix Concrete, Inc.,* 635 F.Supp. 95, 98–99 (D.P.R.1986) ("In February 21, 1984 the Equal Employment Opportunity Commission certified the Puerto Rico Department of Labor and Human Resources as a 706 designated agency ... Puerto Rico is a 'deferral' state within the meaning of sections 706(c) and (e) of the Equal Employment Opportunity Act, 42 U.S.C. sections 2003–5(c) and (e), and the filing of a charge with the filing of a charge with the Equal Employment Opportunity Commission 194 days after the alleged discriminatory practice was timely").

29 C.F.R. § 1601.70(a) provides in its relevant part:
State and local fair employment practice agencies or authorities which qualify under section 706(c) of title VII and this section shall be designated as 'FEP agencies." The qualifications for designation under section 706(c) are as follows:
(1) That the State or political subdivision has a fair employment practice law which makes unlawful employment practices based upon race, color, religion, sex, national origin or disability; and
(2) That the State or political subdivision has either established a State or local authority or authorized an existing State or local authority that is empowered with respect to employment practices found to be

wherein the Court thoroughly examined the conflicting opinions of the Court of Appeals is set forth in Fn. 16 of the opinion, which is cited herein for easy reference:

> Because there is a conflict among the Courts of Appeals on the proper interpretation of the word "filed" in this statute, n. 16, we granted certiorari. [*Mohasco Corporation v. Silver*], 444 U.S. 990, n. 17 [100 S.Ct. 519, 62 L.Ed.2d 418 (1979)]. We now reverse.
>
> > Fn. 16. The decision of the Court of Appeals in this case is consistent with the decision of the Tenth Circuit in *Vigil v. American Tel. & Tel. Co.*, 455 F.2d 1222 (1972), but is in conflict with the decision of the Seventh Circuit in *Moore v. Sunbeam Corp.*, 459 F.2d 811 (1972). *Anderson v. Methodist Evangelical Hospital, Inc.*, 464 F.2d 723 (C.A.6 1972), cited *Vigil* with approval, though the court's conclusion that the plaintiff's filing in that case was timely would have been the same under the construction of § 706 adopted in the *Moore* case. The approach of the Eighth Circuit, *see Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 (1975), also conflicts with the decision of the Second Circuit in this case, but in a way that substantially differs from that of the Seventh Circuit decision in *Moore*. *Olson* **held that in order to preserve his rights under Title VII, a complainant must under all circumstances initially file his charge with either a state fair employment practices agency or the EEOC within 180 days of the discriminatory occurrence.** *See also Geromette v. General Motors Corp.*, 609 F.2d 1200 (C.A.6 1979) (citing *Olson* with approval, thus perhaps sig-

nalling a retreat from *Anderson*'s endorsement of *Vigil*); *Rodriguez v. Southern Pacific Transp. Co.*, 587 F.2d 980 (C.A.9 1978). *Cf. Ciccone v. Textron Inc.*, 616 F.2d 1216 (C.A.1 1980) (substantially same approach under similar provisions in the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634).

> As indicated in n. 19, *infra*, we believe that the restrictive approach exemplified by *Olson*, is not supported by the statute. Under the *Moore* decision, which we adopt today, a complainant in a deferral State having a fair employment practices agency over one year old need only file his charge within 240 days of the alleged discriminatory employment practice in order to insure that his federal rights will be preserved. **If a complainant files later than that (but not more than 300 days after the practice complained of), his right to seek relief under Title VII will nonetheless be preserved if the State happens to complete its consideration of the charge prior to the end of the 300-day period.** In a State with a fair employment practices agency less than one year old, however, a complainant must file within 180 days in order to be sure that his federal rights will be preserved, since the EEOC must defer consideration during proceedings before such a new agency for up to 120 days. See 42 U.S.C. § 2000e–5(c), n. 1, supra. (Emphasis supplied).

*Mohasco*, 447 U.S. at 814–815, 100 S.Ct. 2486.

As to the statutory language of section 2000e–5(e)(1), and the EEOC regulations, the Court held:

---

unlawful, to do one of three things: To grant relief from the practice; to seek relief

from the practice; or to institute criminal proceedings with respect to practice.

We must also reject any suggestion that the EEOC may adopt regulations that are inconsistent with the statutory mandate. As we have held on prior occasions, its "interpretation" of the statute cannot supersede the language chosen by Congress.

. . .

By choosing what are obviously quite short deadlines, Congress clearly intended to encourage the prompt processing of all charges of employment discrimination. (Citation omitted). Under a literal reading of the Act, the EEOC has a duty to commence its investigation no later than 300 days after the alleged occurrence. . . . (Emphasis supplied).

*Mohasco,* 447 U.S. at 825, 100 S.Ct. 2486.

In *Bonilla, et al. v. Muebles J.J. Alvarez, Inc.,* 194 F.3d at 278, the Court held:

For present purposes, we narrow the lens of inquiry to section 2000e-5 of Title VII, because it alone is germane to the issue posed by the appeal. **That section states in its pertinent part that a charge "shall be filed" with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred," or within 300 days if "the person aggrieved has initially instituted proceedings with [an authorized] State or local agency."** 42 U.S.C. § 2000e-5(e). (Fn. 4).[3] This completes our quest: **a claimant who seeks to recover for an asserted violation of Title VII, first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the pre**scribed time limits. (Emphasis supplied).

Lastly, in *Banks v. District of Columbia,* 377 F.Supp.2d at 89–90, the district court of the District of Columbia, also a deferral jurisdiction, covered under the same regulation as Puerto Rico, 29 C.F.R. § 1601.74(a), followed the rationale established by the Supreme Court in *Mohasco, supra,* and held:

A complainant in a deferral jurisdiction "need only file [her] charge within 240 days of the alleged discriminatory employment practice in order to insure that [her] federal rights will be preserved." *Mohasco Corp. v. Silver,* 447 U.S. 807, 815 n. 16, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980) (interpreting § 2000e-5(e)(1)). The complainant must file by day 240 to allow the 60 day deferral period of 42 U.S.C. § 2000e-5(c) to pass. *See Id.* When a complainant files with the EEOC before the end of the deferral period, the EEOC will wait till the termination of local proceedings or the end of the deferral period before taking concurrent jurisdiction. *See Love v. Pullman Co.,* 404 U.S. 522, 526, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).

In the case of *Banks v. District of Columbia,* the employee filed the charge with the District of Columbia Office of Human Rights ["OHR"]. Since the employee "filed with the OHR before filing with the EEOC, she is allowed 300 days to file with the EEOC under § 2000e-5(e)(1)." 377 F.Supp.2d at 90. "The filing with the EEOC takes effect on the day it is filed with the EEOC because the OHR has waived its right to exclusive jurisdiction

---

3. "Fn. 4. The longer period is available only in so-called "deferral" jurisdictions. *See* 42 U.S.C. § 2000e-5(e); *see also Mohasco Corp. v. Silver,* 447 U.S. 807, 817, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). Puerto Rico is a deferral jurisdiction, and the Common-wealth's Department of Labor is an agency empowered to grant or seek relief from unlawful employment practices (and, thus, authorized within the purview of section 2000e-5(f)). *See* 29 C.F.R. § 1601.74 (1991)."

during the deferral period." *Id.* The Court concluded that "[s]ince the filing with the EEOC was before day 300, Banks timely filed with the EEOC." *Id.*

■ In the instant case, the Court finds that plaintiff filed her administrative charge with the local Anti Discrimination Unit timely,[4] that is, within 300 days, as provided by 42 U.S.C. § 2000e–5(e)(1). *See also Mohasco,* 447 U.S. 807, 100 S.Ct. 2486. Because Puerto Rico's Anti Discrimination Unit is a deferred EEOC jurisdiction since February 1984, we cannot utilize the term of one hundred eighty days and must use the term to file a charge at the EEOC of three hundred days. *Bonilla, et al. v. Muebles J.J. Alvarez, Inc.,* 194 F.3d at 278, n. 4.

■ Generally, after the EEOC concludes its investigation, it will issue a "Notice of Suit Rights," commonly known as the "right-to-sue" letter. Upon receipt of the right-to-sue letter, the employee will have 90 days thereafter to file a complaint in federal court. 42 U.S.C. § 2000e–5(f)(1). "The doctrine of exhaustion of administrative remedies is well established in federal and local jurisprudence. The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted" (citations omitted). *González–Figueroa v. J.C. Penney Puerto Rico, Inc.,* 247 F.R.D. 274, 278 (D.P.R.2007). In *González–Figueroa,* the Court further held:

> Pursuant to 42 U.S.C. § 2000e–5(f)(1), an aggrieved individual must institute civil proceedings within 90 days from receipt of the Right–to–Sue notice is-

sued by the pertinent government agency. The 90–day filing rule is not a jurisdictional prerequisite to suit in federal court, but rather a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *American Airlines v. Cardoza–Rodríguez,* 133 F.3d 111 (1st Cir.1998); *McKinnon v. Kwong Wah Rest.,* 83 F.3d 498 (1st Cir.1996).

247 F.R.D. at 278–279. *See also Noviello v. City of Boston,* 398 F.3d 76, 85–86 (1st Cir.2005).

In the instant case, the Court finds that plaintiff acknowledged receipt of the right-to-sue letter dated March 31, 2006. The instant action followed on June 28, 2006. Hence, the instant action was timely filed within the 90 days from the receipt of the right-to-sue letter.

Moreover, in our *Opinion and Order* of August 31, 2007, the Court ruled as follows: "The filing of the administrative complaint with the EEOC only tolled the one year period of the statute of limitations as to the employer, but not as to the natural persons sued in their individual capacities. *See Sánchez Ramos v. Puerto Rico Police Department, et al.,* 392 F.Supp.2d 167, 180 (D.P.R.2005)." (Docket No. 18, page 7). Hence, the Court has subject matter jurisdiction, as it stems from the record that: (a) plaintiff properly and timely exhausted the administrative remedies by filing the Charge of Discrimination with the Commonwealth's Anti Discrimination Unit against the Police of Puerto Rico on October 4, 2005; (b) the EEOC issued the right-to-sue letter on March 31, 2006, and the plaintiff filed the

---

4. The Court notes that the charge filed by plaintiff on October 4, 2005 with the Anti Discrimination Unit fails to show whether the charge was also filed with the EEOC. *See* Exhibits, Docket No. 33. For purposes of this opinion, whether the EEOC claim was filed on October 4, 2005 is not material, as the employee has 300 days with the EEOC, provided that the employee had filed the charge with the local agency timely. 42 U.S.C. § 2000e–5(e)(1). *See also Mohasco,* 447 U.S. 807, 100 S.Ct. 2486.

instant federal action within 90 days thereafter; and (c) the EEOC's right-to-sue letter was also notified to the Police of Puerto Rico on March 31, 2006. As stated above, the record shows that the instant complaint was filed on June 28, 2006, hence, within the 90 days from receipt of the right-to-sue letter.

*Is the Amended Complaint time barred?*

■ Fed.R.Civ.P. 15(c) governs when the amendments to the complaint relate back to the date of the original filing. At the outset, the Court finds that for purposes of litigation, and the application of the Federal Rules of Civil Procedure, a Title VII action, does not enjoy a "special status under the Rules of Civil Procedure." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Hence, the provisions of Fed.R.Civ.P. 15(c) are applicable to a Title VII complaint.

"Rule 15(c) controls whether an amended complaint, which adds a necessary defendant but is filed after the limitations period has run, may 'relate back' to the filing of the original complaint and thereby escape a timeliness objection." *González–Figueroa*, 247 F.R.D. at page 279. Fed.R.Civ.P. 15(c)(1)(C) provides the requirements that must be met in order to relate back the amendment of the complaint to its original date.

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In *González–Figueroa*, 247 F.R.D. at page 279–280, the Court held:

Rule 15(c)(3)'s second condition, regarding notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir.2001). The Supreme Court has stated that the "timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permit imputation of notice to a subsequently named and sufficiently related party." *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).

As to the defendants, and the parties' interest, the case of *González–Figueroa*, 247 F.R.D. at page 280, held:

The guideposts for evaluating whether two parties possess a sufficient identity of interest to permit relation back are not well-defined. *Young v. Lepone*, 305 F.3d 1, 14–15 (1st Cir.2002). As to defendants, identity of interest typically means that parties are "so closely related in their business operations or other activities that the institution of an action

against one serves to provide notice of the litigation to the other." *Id., Singletary*, 266 F.3d at 197 (citation and internal quotation marks omitted). "The substitution of such parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based." *Young*, 305 F.3d at 14–15; *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1309 (D.C.Cir.1982) (citation and internal quotation marks omitted).

██ In the instant case, even though the PRPD and the Commonwealth were not included in the original complaint, they were well aware of the instant action, long before the instant complaint was filed. The record shows that the PRPD had formal knowledge of plaintiff's claim since the date she filed the discrimination charge with the EEOC on October 4, 2005, and since the date when the EEOC mailed the right-to-sue letter on March 31, 2006 to both the plaintiff and the PRPD. Moreover, the record shows that when Toledo was originally served with service of process of the complaint filed on June 28, 2006, he was served in his official capacity, that is, as "Superintendent of Police, Puerto Rico Police Department." (Docket No. 5). Furthermore, the defendants, the PRPD and the Commonwealth are "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *González–Figueroa*, 247 F.R.D. at 280 (citations omitted).

Hence, the Court is not persuaded by the defendants' arguments, and finds that the allegations pled in the *Amended Complaint* relate back to the date of the original *Complaint*. If the amendments relate back to the date of the original complaint, then the action is not time barred as to the PRPD and the Commonwealth, as the PRPD is an instrumentality of the Commonwealth. *See Opinion and Order* of August 31, 2007. Lastly, plaintiff filed the *Amended Complaint* simply because the Court ordered the plaintiff to do so. *See Opinion and Order* of August 31, 2007.

### Conclusion

For the reasons set forth above, the *Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(b)(1)* filed by the defendants is denied. The defendants shall answer the *Amended Complaint* (Docket No. 21), within the next 15 days. No extensions of time will be granted, as this case was filed almost three (3) years ago, and it is reportable in September 2009. A Status Conference is scheduled for April 23, 2009 at 5:00 p.m. This case is now set on a fast track mode.

IT IS SO ORDERED.