Milagros **AYALA–GONZALEZ,** et al., Plaintiffs,

v.

Pedro A. **TOLEDO–DAVILA,** et al., Defendants.

Civil No. 06–1650 (DRD).

United States District Court, D. Puerto Rico.

Sept. 30, 2012.

Eileen J. Barresi–Ramos, Barresi Law Office, Trujillo Alto, PR, Erick Morales–Perez, Erick Morales Law Office, Carolina, PR, for Plaintiffs.

Idza Diaz–Rivera, P.R. Department of Justice—Federal Litigation, Lavinia Aparicio–Lopez, Commonwealth Department of Justice, San Juan, PR, for Defendants.

*OPINION AND ORDER*

DANIEL R. DOMÍNGUEZ, District Judge.

Before the Court is Plaintiffs' request to be released from judgment pursuant to

Federal Rule of Civil Procedure 60 (Docket No. 113). Plaintiffs allege that the Court erred in voiding a judgment awarded by the jury in the amount of $2,200 in back wages and $1,500 in compensatory damages (Docket No. 75).

Plaintiffs specifically advance that the Court erred in not considering certain testimony wherein Plaintiff alleged that her underlying case constituted a disparate treatment action based on the fact that she failed a urine test mandated by statute to police officers. Plaintiff failed this test because she failed to submit the requisite minimum amount of urine for the urine test on several occasions thereby creating the rebuttable presumption under the law that the result of the test would have been positive. *See* 3 P.L.R.A. §§ 2501 & 2508. Plaintiffs also alleged in the motion that two male officers were treated differently.

Plaintiffs' allegations at trial were two-fold.[1] First, that two other male police officers were in a similar position and they were not terminated. *See* Plaintiffs' position at Docket No. 113, pages 4–8. Second, Plaintiffs attempted to overcome the rebuttable presumption that the urine test would yield a positive result by alleging that she could not urinate as a result of her menstrual condition. The Court disposed of this argument by referring to Plaintiffs' own medical expert, who testified that menstruation did not impede urination, but caused "a little bit [of] difficult[y]." *Ayala–Gonzalez,* 739 F.Supp.2d at 88.

The Police Commissioner opposed Plaintiffs' motion (Docket No. 114) on the grounds that the motion was not timely, constituted a rehashing of prior arguments and that Plaintiff failed to comply with the applicable *McDonnell Douglas* burden-shifting test. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The Court agrees.

Although the Court was of the opinion that the instant matter was a disparate treatment case, as cited by Plaintiff, the fact is that **there is *no* allegation in Plaintiffs' *Amended Complaint* (Docket No. 21) (nor in the original complaint for that matter) of disparate treatment between male and female police officers** relating to the statutory requirement of the mandatory urine test. But the Court will tackle this matter squarely on the merits, as if such an allegation existed, notwithstanding that the Defendants balked as to the proof pursuant to the colloquy cited by Plaintiffs in their motion (Docket No. 113, page 6).

Even assuming that Plaintiff had proffered such allegations of disparate treatment, which they did not, the Court finds that Plaintiffs' statements are merely self-serving averments. Plaintiffs merely provided the names of two policemen who Plaintiffs allege tested positive and were not subsequently discharged. Plaintiffs only supplied the Court with these two male officers' names and their badge numbers. However, Plaintiff fails to produce either their personnel file or any disciplinary decisions or any drug tests relating to these officers.

Under Title VII, a plaintiff may establish discrimination premised upon disparate treatment in either of two ways: first, through direct evidence of discrimination or, second, through the cumulative effect of indirect evidence of the employer's motivation. *See Lipsett v. Univ. of Puerto Rico,* 864 F.2d 881, 909 (1st Cir.1988); *see also Wilson v. B/E Aerospace Inc.,* 376

---

1. A more complete recusation of the pertinent facts may be found in the Court's two prior opinions at *Ayala–Gonzalez v. Toledo–Davila,* 739 F.Supp.2d 84, 88 (D.P.R.2010) and *Ayala–Gonzalez v. Toledo Davila,* 623 F.Supp.2d 181 (D.P.R.2009).

F.3d 1079, 1085 (11th Cir.2004)("A plaintiff may establish a claim of illegal disparate treatment through either direct evidence or circumstantial evidence."). Here, Plaintiffs have not supplied any direct evidence to support their contention that male officers were treated differently than female officers with regard to the urine test.

"Where, as here, a plaintiff is unable to offer direct proof of their employers' discriminatory animus ... we allocate the burden of producing [circumstantial] evidence according to the now-familiar three-step framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Espinal v. Nat'l Grid NE Holdings 2, LLC*, 693 F.3d 31, 34–35 (1st Cir.2012)(internal quotation and citation omitted). We find no error in the Court's prior analysis and decisions as to the *McDonnell Douglas* burden-shifting analysis. Under *McDonnell Douglas*, " '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. The plaintiff retains the burden of persuasion.' " *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 518, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 and 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)) (internal citations omitted); *see also Udo v. Tomes*, 54 F.3d 9, 12 (1st Cir.1995) ("In disparate-treat-

ment cases, plaintiffs bear the ultimate burden of proving that they were the victims of intentional discrimination.")(citing *St. Mary's Honor Ctr.*, 509 U.S. at 507, 113 S.Ct. 2742). As Plaintiffs have not even produced a scintilla of probative evidence, either direct or circumstantial, of disparate treatment between male and female officers, Plaintiffs have failed to carry this burden. Accordingly, Plaintiffs' motion (Docket No. 113) is hereby **DENIED**.[2]

**IT IS SO ORDERED.**

---

**2.** The Court notes that the instant case had already been decided by administrative procedure and by the Court of Appeals against Plaintiffs. As previously stated by the Court:

In the instant case, Plaintiff has challenged her termination for failure to provide a urine sample upon a foundational argument that she already presented at the state level before the Commission for Investigation, Processing and Appeals, and which she appealed in the Appeals Court in San Juan. The Court of Appeals already rejected Plaintiff's claim that menstruation caused an ina-

bility to urinate and confirmed her termination based upon the testimony of Dr. Quinones Esquilin. *See Ayala Gonzalez v. Policia de Puerto Rico*, No. 05P–29, 2007 WL 1667171 (P.R.Cir. Apr. 26, 2007)(untranslated); translation at Docket No. 104, p. 21.

*Ayala–Gonzalez v. Toledo–Davila*, 739 F.Supp.2d 84, 88 n. 4 (D.P.R.2010). At trial, the Court stumbled upon this decision and is surprised and disappointed that neither party was aware of the Court of Appeals' decision.