**Manuel A. BARALT, et al., Plaintiffs,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant.**

**No. CIV.95–2421 (PG).**

United States District Court,
D. Puerto Rico.

Jan. 25, 2002.

Ruben T. Nigaglioni, James D. Noel–High, McConnell Valdes, San Juan, PR, for Manuel A. Baralt, Lizette Pena–Aviles, Conjugal Partnership Baralt–Pena, Juan Gonzalez–Perez, Monserrate Canabal–Duran, Conjugal Partnership Gonzalez–Canabal, plaintiffs.

Arturo Diaz–Angueira, Cancio, Nadal, Rivera & Diaz, San Juan, PR, for Nationwide Mutual Insurance Company, defendant.

### OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Before the Court are Plaintiffs' Brief on Compensation for the Spouses (Docket No.

117), Nationwide's Motion in Opposition to Plaintiffs Lizette Peña–Avilés and Monserrate Canabal–Durán's Claim that the Damages Awarded by the Jury Should Stand in Spite of the Opinion and Order Rendered by the Court of Appeals for the First Circuit on May 24, 2001 and Other Matters (Docket No. 118) (hereinafter "Defendant's Opposition") and Nationwide's Opposition to Plaintiff's Brief on Compensation for the Spouses (Docket No. 119) (hereinafter "Defendant's Reply"). For the reasons set forth below, the defendant's motions are **GRANTED,** and the jury awards allegedly remaining to plaintiffs' wives are vacated in accordance with Puerto Rico law and the First Circuit's Opinion and Order in this case, *Baralt v. Nationwide Mutual Ins. Co.,* 251 F.3d 10 (1st Cir.2001).

## *PROCEDURAL HISTORY*

This case has a long and complicated procedural history. The complaint was filed in 1995, alleging violations of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621–634 ("ADEA"), Puerto Rico Law 100, 29 P.R. LAWS ANN. §§ 146–151 (1995) ("Law 100"), and Puerto Rico Law 80, 29 P.R. LAWS ANN. §§ 185a–185m (1995) ("Law 80"), among others. Although plaintiffs asserted other claims before the matter was deliberated upon by the jury, for the sake of clarity the above laws are the only ones dealt with in this opinion, and therefore, are the only ones cited.

The jury returned a verdict for plaintiffs and their wives and awarded them a total of more than $6 million in damages and attorney's fees. *Baralt v. Nationwide Mutual Ins. Co.,* 86 F.Supp.2d 31, 42 (D.P.R.2000). The wives' award that is the subject of the present motions was reduced by the Court to $100,000 each from the jury award of $500,000. *Id.* Nationwide appealed from the jury verdict.

The First Circuit reversed the jury verdict and remanded the case for further proceedings. As to the causes of action against Nationwide, the First Circuit held that the plaintiffs did not meet the evidentiary threshold to maintain a Law 100 claim. The Court therefore reversed the jury verdict as to the discrimination causes of action and never reached the ADEA claim. The case was then remanded "for further proceedings as necessary to enter judgment in connection with the claim for unjust dismissal under Law 80." *Baralt,* 251 F.3d at 21 (1st Cir.2001). Nationwide had carried their evidentiary burden to "demonstrate, by a preponderance of the evidence, that Baralt and González were not fired on account of age." *Id.*

The case was remanded and the three motions regarding the wives' award were filed after the plaintiffs objected to the Court's conclusion that the only remaining issue was the matter regarding Law 80 (Minutes of October 9, 2001 Status Conference, Docket No. 116). Plaintiffs argued that the wives' award was intact. Plaintiffs and defendant filed motions, to which we now turn.

## *PUERTO RICO CASE LAW*

The seminal case of *Santini Rivera v. Serv. Air,* 137 D.P.R. 1, 1994 WL 909527 (1994), P.R. Offic. Trans., created a cause of action under 31 P.R. LAWS ANN. § 5141 (1995) (hereinafter "Article 1802") for the relatives of plaintiffs that have suffered discrimination under Puerto Rico Law 100. Article 1802 is the general tort statute of the Puerto Rico Civil Code.

In *Santini Rivera,* the Puerto Rico Supreme Court held that the parents and girlfriend of an employee had a cause of action in tort for the damages they themselves had suffered as a direct consequence of the Law 100 violation.

The Court's Opinion made it clear that Law 100 did not apply to the relatives, and as such "cannot become a source of rights for said relatives." *Id.* at 3, 1994 WL 909527. "The rights of the relatives, in cases as the one under our consideration, constitute an independent standard that arises separately under Civil Code sec. 1802 ... in keeping with the general principles of the extracontractual (tort) law." *Id.* at 4, 1994 WL 909527. Notwithstanding the language of "independent standard", the claim for Article 1802 damages cannot stand if a claim for discrimination has not been made out. The tort claim of the relatives is dependent on the successful prosecution of a Law 100 claim. Once the "material and moral (emotional) harm caused by a tortious or negligent act," has been committed a relative may proceed with the tort claim. The Supreme Court understood that the " 'source of the responsibility [at tort]is precisely the particular and personal damage suffered by each one' of them" *Id.* at 9, 1994 WL 909527 (quoting *Hernández v. Fournier*, 80 P.R.R. 93, 96–98, 1957 WL 13027 (1957)).

The Court summarized the holding in the last paragraph of the Opinion stating:

> [W]e hold that in Puerto Rico the relatives of an employee that has been a victim of an Act No. 100 discriminatory treatment at the hands of his employer have a cause of action under Civil Code Sec. 1802 to be compensated for the harm resulting from said employment discrimination. In said circumstances, the relatives will recover damages, *once said discriminatory treatment is established.*

*Id.* at 13, 1994 WL 909527 (emphasis added).

The Court therefore expected it to be a two-step analysis: first, the employee alleging a Law 100 violation proves the claim by a preponderance of the evidence and subsequently, the relatives may make out a claim under the general tort statue.

The Puerto Rico Supreme Court had occasion to revisit their Opinion in *Santini Rivera* in *Maldonado Rodríguez v. Banco Central Corporation,* 138 D.P.R. 268 (1995). In that opinion, they reiterated their earlier interpretation of the two-step analysis for relatives to obtain damages. *Id.* at 274, 1995 WL 905733. A relative can recover under Article 1802 in a separate cause of action from the Law 100 cause of action. "This [Article 1802] action is *contingent,* since if the employee does not prevail, their spouse cannot make a claim for discrimination that has not been proven." *Id.* at 276, 1995 WL 905733 (translation ours) (emphasis added).

### FEDERAL CASE LAW

Both the First Circuit and the District of Puerto Rico have recognized the derivative nature of the tort cause of action in accordance with the *Santini Rivera* opinion.

In *Marcano–Rivera v. Pueblo Int'l,* 232 F.3d 245 (1st Cir.2000), the Court characterized a husband's tort claim in relation to the Puerto Rico labor laws as a "derivative" claim. *Id.* at 258. In reviewing a jury verdict for the plaintiff's husband, the Court reversed the award to the principal plaintiff, the wife, and therefore the husband's award was vacated. Given that the wife's "unlawful termination claim was properly dismissed by the district court... [it] therefore cannot form the basis of a derivative award to [the husband]" *Id.* In a footnote, the Court clarified that since the husband's claim was "contingent upon" the wife's claim, if the wife's claim did not survive then neither could the husband's claim. *Id.* at 258, fn. 7 (referring to *Santi-*

*ni Rivera; Campos Otros v. Sanco de Ponce,* 138 D.P.R. 366, 370–71 (1995)).

Other Judges in this District have also reached the same conclusion in similar cases. In *Dominguez v. Eli Lilly and Co.,* 958 F.Supp. 721 (D.P.R.1997) (HL), the Court considered the plaintiffs. Law 100 and Article 1802 claims and came to the conclusion that the relative's claim "is derivative of their Law 100 claim." *Id.* at 745. Judge Laffitte also held that, "[h]aving dismissed the Law 100 claim, therefore, the Court hereby dismisses Plaintiffs' Article 1802 claims with prejudice." *Id.*

In *Kelly v. Lockheed Martin Services Group,* 25 F.Supp.2d 1 (D.P.R.1998) (DRD), Judge Dominguez explained that the tort cause of action is based on the underlying Law 100 action in accordance with *Santini Rivera.*

This Court has been unable to find a case where a spouse, or indeed any relative, independently sustained a cause of action even if the employee plaintiff failed to prevail on the Law 100 discrimination charge. Indeed, it seems axiomatic that if a relative is claiming damages suffered for the discrimination perpetrated on the employee, the employment discrimination must be proven before the derivative tort claim can be compensated.

## PLAINTIFFS' WIVES' DAMAGES IN THE INSTANT CASE

The plaintiffs' wives award is vacated in accordance with the analysis and cases above.

The derivative claim cannot survive the First Circuit's holding that their husbands did not meet the evidentiary burden for a Law 100 cause of action. The Court characterized the reasoning for reversal of the Law 100 award as a "problem ... [that] arises from the absence of evidence that would permit a conclusion that the actual reason for the firing was plaintiffs' ages." *Baralt,* 251 F.3d at 18. Therefore, the wives cannot recover for a discrimination that was not proven as a matter of law.

Plaintiffs cannot now claim that the judgment to them was under Law 80, since both the Complaint (Docket No. 1, ¶¶ 1.10 and 1.18) and the Jury Verdict Form (Docket No. 54) base the wives' claim on the discrimination claim, not the unjust dismissal claim.

Plaintiffs made an argument that the defendants were not entitled to now request that the Court vacate the wives' awards since they did not brief it before the First Circuit. (See Docket No. 117). This Court is not persuaded by the argument. First, it would reward an approach that elevated form over function. If the plaintiffs were to keep their award intact, notwithstanding the legal impossibility of its validity, the Court would be twisting the labor law to fit the equitable doctrine of waiver. Second, the very legal impossibility of the relatives claim makes it simple to say that once the defendants had fully briefed the Law 100 issues, the derivative claim would disappear if the Law 100 claim was declared legally insufficient. In addition, the defendants briefed the excessiveness of the wives award in relation to the Law 100 claim. Though a relatively small section in the appeal brief, it was in fact part of the brief (Docket No. 118, Exhibit 5). Finally, it is the Court's opinion that the legal and statutory construction arguments in this matter carry the day for the defendants.

The only remaining cause of action in this matter is the Law 80 unjust dismissal cause of action, as all ADEA and Law 100 claims have been dismissed by the First Circuit Court of Appeals. Defendant's motions are **GRANTED,** and the plaintiff-wives' damages award is vacated in compli-

ance with the First Circuit's Opinion and Order.

**SO ORDERED.**