**VILLAGE WEST ASSOCIATES, Plaintiff,**

v.

**RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION, Defendant and Third Party Plaintiff,**

v.

Shaun Donovan, Secretary, United States Dept. of Housing and Urban Development, Third Party Defendant.

C.A. No. 08–192 S.

United States District Court, D. Rhode Island.

Aug. 13, 2009.

Steven T. Hayes, Esq., Zizik, Powers, O'Connell, Spaulding & Lamontagne, P.C., Providence, RI, for Plaintiff.

Craig M. Scott, Esq., Scott & Bush, Rachelle R. Green, Esq., Duffy & Sweeney, Ltd., Providence, RI, Steven D. Gordon, Esq., Holland & Knight LLP, Washington, DC, for Defendant RI Housing & Mortgage Corporation.

Kyle A. Forsyth, Esq., U.S. Department of Justice, Civil Division, Washington, DC, Ly T. Chin U.S. Attorney's Office, Providence, RI, for Defendant U.S. Dept. of Housing & Urban Dev.

## DECISION AND ORDER

WILLIAM E. SMITH, District Judge.

Before the Court is a joint motion by Village West Associates and Defendant/Third Party Plaintiff Rhode Island Housing and Mortgage Finance Corporation (RIHMFC) for entry of partial final judgment pursuant to Fed.R.Civ.P. 54(b). This request follows the Court's dismissal of RIHMFC's impleader claims against Third Party Defendant Secretary of the United States Department of Housing and Urban Development ("HUD") for lack of subject matter jurisdiction. The gist of the issue is whether (as Village West and RIHMFC argue) at this juncture RIHMFC should be permitted to appeal the dismissal, or whether (as HUD argues) RIHMFC must wait to do so until Village West's pending contract claims against it are resolved. Though use of the 54(b) procedural tool is the exception, not the rule, for the following reasons it is appro-

priate due to the particular circumstances of this case.[1]

## I. Discussion

▮ Fed.R.Civ.P. 54(b) permits entry of final judgment as to one or more but not all of the claims or parties upon an express determination that there is no just reason for delay. *See Quinn v. City of Boston*, 325 F.3d 18, 26 (1st Cir.2003). A Rule 54(b) certification should be issued only when the disputed ruling is final—when it fully disposes "of at least a single substantive claim." *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 42–43 (1st Cir.1988) (reinforcing "long-settled and prudential policy against the scattershot disposition of litigation"). Directing entry of judgment requires more than a "rote recital of Rule 54(b)'s talismanic phrase," *Quinn*, 325 F.3d at 26, and should be "employed with great circumspection" given the disfavored view of piecemeal appeals. *Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc.*, 568 F.3d 313, 318 n. 3 (1st Cir.2009). The Court considers the factual and legal interrelationship and potential overlap between the claims underlying the would-be final judgment to be appealed, and those left remaining in the district court. *See Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 580 (1st Cir.1994).

▮ In sum, a Rule 54(b) judgment is infrequent. It is not a procedural formality available upon request, but "designed to be used where the problem and circumstances are of an 'exceptional nature,' ...

in order to avoid some perceptible 'danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Walden v. City of Providence*, 450 F.Supp.2d 172, 174 (D.R.I.2006) (quoting *Bank of New York v. Hoyt*, 108 F.R.D. 184, 187 (D.R.I.1985)) (citations omitted). In deciding to certify an appeal of less than all claims, this Court must clearly articulate the factors considered and provide a concise list of reasons why a judgment is warranted. *See Gonzalez Figueroa*, 568 F.3d at 317–18; *Santa Maria v. Owens–Illinois, Inc.*, 808 F.2d 848, 854–55 (1st Cir.1986).

▮ There is no question the dismissal of RIHMFC's claims against HUD is final for Rule 54(b) purposes, as all of the third-party claims have been disposed of and HUD dismissed.[2] Village West's remaining claims for breach of the Section 8 HAP contract against RIHMFC are legally distinct from RIHMFC's claims against HUD. To be sure, the basis for dismissal of RIHMFC's claims turned upon a discrete jurisdictional analysis involving the Tucker Act, 28 U.S.C. § 1491(a), Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and the federal question statute, 28 U.S.C. § 1331. Simply put, none of these topics (which would be central on appeal) has anything to do with the remaining straightforward breach of contract claim. It is in part for this reason that an immediate appeal is desirable. *See Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1,

---

1. The facts and procedural morass at hand are detailed in the Court's prior decision dismissing RIHMFC's impleader claims against HUD and will be recounted here only as necessary. *See* Doc. No. 19; 618 F.Supp.2d 134, 2009 WL 1513391 (D.R.I. May 20, 2009).

2. HUD's objection raises the issue of whether HUD—a dismissed party looking to re-join the bandwagon and add its two cents—has standing to object to the instant joint motion. The

Court did not uncover, and the parties did not offer, any definitive authority. Because the Court must set forth its reasoning under 54(b) regardless of HUD's objection and could not simply rubber stamp the request, it considers HUD's arguments in conjunction with its own assessment of whether partial judgment should enter, and thus can pass on the standing issue.

8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (discussing consideration of whether appellate court will "have to decide the same issues more than once even if there were subsequent appeals"). In this case a 54(b) certification triggers no concerns about repeat or scattershot requests to the Court of Appeals, as all of the issues related to the claims against HUD have been ruled upon and will not be addressed in this Court again. *See Quinn,* 325 F.3d at 27 ("[I]n all probability, there will be no significant duplication of effort in litigating one set of claims to a conclusion and then addressing the remaining set of claims. Such a lack of overlap strongly supports the finding of no just reason for delay.").

Finally, and critically, a 54(b) certification supports efficiency and advances the "interests of sound judicial administration and justice to the litigants." *Curtiss–Wright,* 446 U.S. at 5, 100 S.Ct. 1460 (quoting with approval district court). If there is any countervailing factor in the calculus here, it is (as HUD argues) the fact that RIHMFC's claims are by their impleader nature derivative of Village West's contract claim against RIHMFC. In the usual case, it would likely be correct to say such claims may be mooted by future developments in the remaining litigation, thereby making an immediate appeal of the impleader dismissal disfavored. *See,*

*e.g., Factory Mut. Ins. Co. v. Bobst Group USA, Inc.,* 392 F.3d 922, 924 (7th Cir. 2004).[3]

But the usual case this is not. Though by definition HUD's liability is derivative, in the context of 54(b) its intricate involvement in the resolution (perhaps settlement) of the contract claims at issue cannot be ignored.[4] *See Curtiss–Wright,* 446 U.S. at 8 n. 2, 100 S.Ct. 1460 (indicating court may consider whether "appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims"). In the hopes of fulfilling its "dispatcher" role with a practical eye towards the anomalous HAP/ACC contractual relationship and history of Section 8 litigation, the Court concludes that the compelling needs of middle-man RIHMFC for an immediate appeal outbalance any risk of substantial multiplication of effort. *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 435, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); *see Fisher v. Trainor,* 242 F.3d 24, 29 n. 3 (1st Cir.2001) (accepting appeal where "distinct legal issue" is not likely to recur and there is "no realistic threat ... of redundant piecemeal review that would counsel against final certification"). Balancing all competing factors in this equation, including HUD's status as an impleaded party, the potential for mootness,

---

**3.** The Court identified no authority in this Circuit suggesting an *automatic* bar to a 54(b) judgment in the context of impleader.

**4.** It is in part for this reason the Court disagrees with the 54(b) analysis in an almost identical case. *See Greenleaf Ltd. P'ship v. Illinois Hous. Dev. Auth.,* No. 1:08–C–02480 (Statement; Doc. No. 53) (N.D.Ill. July 7, 2009); *see also Cathedral Square Partners Ltd. P'ship v. S. Dakota Hous. Dev. Auth.,* No. 1:07–C–4001 (Order; Doc. No. 70) (D.S.D. July 20, 2009). Notably, the *Greenleaf* discussion did not address the fact that it is unlikely the housing authority will prevail *in toto* in defending against the Section 8 owner in

these cases, such that its impleader claims against HUD would be mooted. This is because most of the contract claims involving the 1994 amendments asserted by owners have prevailed when brought by plaintiffs in privity with HUD in the Court of Federal Claims. *See, e.g., Cuyahoga Metro. Hous. Auth. v. United States,* 57 Fed.Cl. 751 (2003). At least one other court has certified a 54(b) judgment in similar circumstances, though the case was resolved before the jurisdictional appeal was briefed and decided. *See Twinsburg Apartments, Inc. v. Akron Metro. Hous. Auth.,* No. 5:04–cv–2173 (Memorandum and Order; Doc. No. 48) (N.D.Ohio Feb. 8, 2006).

the hardship to RIHMFC resulting from delay, and the desire for finality in this litigation among all players, the scale tips in favor of allowing an appeal. *See Darr v. Muratore,* 8 F.3d 854, 862 (1st Cir.1993) (noting that consideration of a 54(b) judgment "is necessarily case-specific and requires an assessment of the entire litigation").

## II. Conclusion

For these reasons, entry of partial final judgment under Fed.R.Civ.P. 54(b) as to RIHMFC's third-party claims against HUD is warranted and the joint motion is GRANTED. Further proceedings relating to Village West's claims against RIHMFC remaining in this Court will be stayed pending resolution of RIHMFC's appeal.

IT IS SO ORDERED.