# United States Court of Appeals
## For the First Circuit

No. 18-1424

DANIEL GRAJALES; WANDA I. GONZÁLEZ;
CONJUGAL PARTNERSHIP GRAJALES-GONZÁLEZ,

Plaintiffs, Appellants,

v.

PUERTO RICO PORTS AUTHORITY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Howard, Chief Judge,
Thompson and Barron, Circuit Judges.

Eugenio W.A. Géigel-Simounet, with whom Géigel-Simounet Law Offices C.S.P. was on brief for appellants.
Luis E. Palou Balsa, with whom Jennifer Lopez-Negrón and Nolla, Palou & Casellas LLC were on brief for appellee.

April 29, 2019

**BARRON**, **Circuit Judge**. This appeal is the latest to have reached us concerning a suit that Daniel Grajales, his wife, and their children bring under 42 U.S.C. § 1983 and Puerto Rico law against the Puerto Rico Ports Authority (the "PRPA") and several of its employees after the PRPA transferred him from one posting at the PRPA to another and then eventually terminated his employment. In this appeal, Grajales asks us to overturn the District Court's grant of summary judgment to the PRPA on res judicata grounds. We affirm.

**I.**

This appeal represents Grajales's third in this case. See Grajales v. P.R. Ports Auth., 682 F.3d 40 (1st Cir. 2012) ("Grajales I"); Grajales v. P.R. Ports Auth., 831 F.3d 11 (1st Cir. 2016) ("Grajales II"). In brief, Grajales alleges that he was transferred to a new job location and subsequently terminated from his employment with the PRPA because of both his political affiliation and his reporting of alleged safety violations by PRPA employees to the Puerto Rico Occupational Safety and Health Administration. See Grajales II, 831 F.3d at 14.

Grajales filed the operative complaint in the District of Puerto Rico on August 31, 2012. He alleged that the PRPA, by taking such actions against him, violated the First Amendment of the Federal Constitution and various provisions of Puerto Rico law. His wife and their minor children also brought claims against

- 2 -

the PRPA, in which they sought damages under a Puerto Rico tort statute that permits relatives of those unlawfully terminated from employment to bring derivative claims.

On May 18, 2012, just before Grajales filed his complaint in federal court, the Secretary of Labor and Human Resources of Puerto Rico (the "Secretary of Labor"), "representing and for the benefit of" Grajales, filed a civil complaint against the PRPA in the Puerto Rico Court of First Instance. See Complaint, Sec'y of Labor & Human Res. v. P.R. Ports Auth., No. AC2012-0079 (P.R. Ct. of First Instance May 18, 2012). The Secretary of Labor alleged in that complaint that Grajales had observed and reported an incident that involved the safety of another employee, that the PRPA had terminated Grajales in retaliation for his reporting of the incident, and that an investigation by the Puerto Rico Department of Labor had found that the PRPA engaged in practices that endangered the authority's employees. The Secretary of Labor sought Grajales's reinstatement and back pay for him on the basis of Puerto Rico's Occupational Safety and Health Act, P.R. Laws Ann. tit. 29, § 361aa, and Puerto Rico's Retaliation in the Work Place Law, id. § 194a.

On May 17, 2017, while Grajales's federal suit against the PRPA was still pending, the Court of First Instance entered judgment in favor of the PRPA. The Court of First Instance ruled that Grajales's termination was justified for a number of non-

- 3 -

retaliatory reasons, including acts of insubordination, violation of various PRPA policies, and disrespectful behavior that created a hostile work environment for others.  The Court of First Instance also rejected Grajales's contention that he was terminated in retaliation for his reporting activity.

The PRPA then moved for summary judgment in the District of Puerto Rico case on res judicata grounds in light of the ruling by the Court of First Instance, and the District Court granted that motion.  Grajales now appeals from that judgment.

## II.

We are dealing here with the claimed res judicata effect of a judgment of a Commonwealth court and thus with a judgment that, under 28 U.S.C. § 1738, must be given "full faith and credit."  Id.; see also R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182-83 (1st Cir. 2006).  In keeping with this statute, we must give the same res judicata effect to that judgment as the jurisdiction that issued it would give it in its own courts.  28 U.S.C. § 1738; see also R.G. Fin. Corp., 446 F.3d at 182-83.  Thus, we apply Puerto Rico law to determine the preclusive effect of the judgment of the Court of First Instance.  R.G. Fin. Corp., 446 F.3d at 182-83.  Our review of the District Court's res judicata determination is de novo.  Id. at 182.

Puerto Rico's Civil Code provides, in relevant part:

In order that the presumption of the res adjudicata may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such.

P.R. Laws Ann. tit. 31, § 3343.  Thus, to demonstrate that the judgment of the Court of First Instance has res judicata effect here, the PRPA "must establish three elements: (i) the existence of a prior judgment on the merits that is 'final and unappealable'; (ii) a perfect identity of thing or cause between both actions; and (iii) a perfect identity of the parties and the capacities in which they acted."  R.G. Fin. Corp., 446 F.3d at 183 (quoting Boateng v. InterAm Univ., Inc., 210 F.3d 56, 61-62 (1st Cir. 2000)) (applying Puerto Rico law).  Even if the PRPA makes that showing, however, res judicata effect may not be given under Puerto Rico law to the judgment of the Court of First Instance if "doing so would defeat the 'ends of justice, especially if reasons of public policy are involved.'"  Núñez-Colón v. Toledo-Dávila, 648 F.3d 15, 19 (quoting Bonafont Solís v. Am. Eagle, Exec. Airline, Inc., 1997 P.R. Eng. 423416, 1997 WL 423416 (P.R. 1997)).

We start with the claims that Grajales brings in his own right, before then turning to the derivative claims of his wife and children.  With respect to the claim that he brings on his own, Grajales first contends that the PRPA failed to establish that the "perfect identity of thing or cause" element had been

satisfied.  Specifically, he contends that the claims that the Secretary of Labor brought on his behalf in the Court of First Instance "could not include a claim for damages or for [a] First Amendment violation" and was only for the "purpose of reinstating [him] to his previous position" and to recover lost wages.

But, the "identity of thing or cause," we have explained, "refers to factual cause" and is satisfied where two actions "flow from the same principal ground or origin." R.G. Fin. Corp., 446 F.3d at 183 (citing Lausell Marxuach v. Diaz de Yanez, 3 P.R. Offic. Trans. 742, 746 (1975)).  Thus, "a mere difference in the legal theories on which two causes of action are grounded does not destroy the identity of thing or cause that otherwise exists between two suits arising out of a common nucleus of operative fact."  Id. at 184 (citing Boateng, 210 F.3d at 62).  Instead, there may still be an "identity of thing or cause" between Commonwealth and federal actions -- notwithstanding the different legal theories and remedies sought in each -- if they share "a common nucleus of operative fact."  See id.

We conclude that the District Court correctly determined that the two actions at issue here do share "a common nucleus of operative fact."  Id.  As the PRPA explains, in both actions Grajales "claims he was dismissed from his employment in retaliation for complaining about safety issues in the workplace and/or participating in an investigation performed by [Puerto Rico

- 6 -

safety agencies]."  Accordingly, we reject Grajales's challenge on this score.

Grajales also relies on Puerto Rico's "public policy exception," which prevents the application of res judicata in "special circumstances."  García-Monagas v. De Arellano, 674 F.3d 45, 56 (1st Cir. 2012).  Specifically, Grajales contends that his case presents such "special circumstances" because the Secretary brought the prior suit in the Court of First Instance to remedy a "violation of . . . Puerto Rico Public Policy" and that the Puerto Rico court "frustrated the ends of justice" by deciding the matter "on documents only," i.e., at summary judgment.

But, the first case that Grajales relies on to support this argument, Pagán-Hernández v. University of Puerto Rico, 7 P.R. Offic. Trans. 795 (P.R. 1978), makes clear that even the "invocation of a constitutional right" is not sufficient, in and of itself, to warrant application of the public policy exception. Id. at 808.  We thus fail to see how the nature of the claims that Grajales brings suffices to show that the public policy exception to res judicata applies in this case.  Nor does Grajales identify any authority that requires the conclusion that res judicata effect may not be given to a judgment of a Commonwealth court just because that court dismissed claims of the sort that Grajales brings here via summary judgment rather than after a trial.

In his reply brief, Grajales cites Ramos-González v. Félix-Medina, 21 P.R. Offic. Trans. 304 (P.R. 1988), to support his argument that his circumstances should fall into the public policy exception. In that case, the Puerto Rico Supreme Court applied the exception to allow to go forward claims alleging serious misconduct by three marshals of the Puerto Rico General Court of Justice that had been dismissed based on the plaintiff's failure to prosecute the action in the Commonwealth court. Id. at 309-11.

The Ramos-González court identified "exceptional reasons" compelling it "to set aside the finality of a judgment." Id. at 333. The court explained that it would set a "bad precedent" to permit a "procedural technicality" -- namely, the dismissal of the claims based on the plaintiff's failure to prosecute -- "to defeat the claim of some citizens against three officers of this branch of government who allegedly tried to take advantage of their position as such." Id. at 334. The court concluded in that connection that "[t]here is a public interest at stake in the instant case: the purity of the judicial process and the trust in its institutions." Id. at 334.

Here, we see no similarly "exceptional reasons" to compel us "to set aside the finality of a judgment," id. at 333, given both the differing nature of the claims that are at issue here and the fact that they were dismissed based on a grant of

- 8 -

summary judgment and not by reason of what Ramos-Gonzalez characterized as a "procedural technicality." Id. at 334. We thus reject this ground for not giving res judicata effect to the judgment of the Court of First instance.

We turn, then, to the claims that are brought by Grajales' wife and children. The contention is that res judicata does not bar these claims because the PRPA has failed to show that there is a "perfect identity . . . of parties" between the two actions that are at issue, given that the Secretary of Labor brought the suit in the Court of First Instance only on Grajales's behalf. But, the District Court concluded that the claims of Grajales's wife and children are brought only "under Article 1802 of the Puerto Rico Civil Code," and no contrary argument has been made on appeal. That feature of the case matters because, as the District Court explained, Article 1802 claims are "derivative of the principal plaintiff's claim in that [they are] premised on some harm to the principal plaintiff, and 'if the principal plaintiff's claim fails, so too does the relative's derivative claim.'" Pagán-Colón v. Walgreens of San Patricio, Inc., 697 F.3d 1, 16 (1st Cir. 2012) (quoting González-Figueroa v. J.C. Penney P.R., Inc., 568 F.3d 313, 320 (1st Cir. 2009)). Thus, because Grajales's own claims are barred by res judicata, the derivative claims of his wife and children necessarily fail.

## III.

For the foregoing reasons, we **<u>affirm</u>** the judgment of the District Court.