Shareily **LOPEZ–MACHIN,** et al., Plaintiffs

v.

**INDUPRO, et al., Defendants.**

Civil No. 09–1818.

United States District Court, D. Puerto Rico.

Nov. 10, 2009.

---

Shareily Lopez–Machin, San Lorenzo, PR, pro se.

Angel Manuel Rivera–Fontanez, pro se.

Mariela Rexach–Rexach, Schuster & Aguilo LLP, San Juan, PR, for Defendants.

## OPINION & ORDER

SALVADOR E. CASELLAS, Senior District Judge.

Pending before the Court is a Motion to Dismiss under FED.R.CIV.P. 12(b)(6) filed by co-defendants Indupro, S.E. ("Indupro") and Francisco Bosch (collectively, "Defendants"). Docket # 13. Shareily Lopez–Machin ("Lopez"), Angel Rivera–Fontanez ("Rivera"), and the Conjugal Partnership Rivera–Lopez (collectively, "Plaintiffs"), responded with a timely opposition thereto. Docket # 17. After reviewing the parties' filings, and the applicable law, for the reasons explained below, Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

**Relevant Factual Background**

Plaintiffs seek redress for alleged pregnancy discrimination by her employer, Indupro, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Article II of the Constitution of the Commonwealth of Puerto Rico ("the Commonwealth"), P.R. Laws Ann. tit. 1, Art. II at §§ 1 & 8, and various supplemental Commonwealth statutes premised on the same alleged actions, to wit: Law 100 ("Law 100") of June 30, 1959, P.R. Laws Ann. tit. 29, § 146 (sex discrimination); Law 3 ("Law 3") of March 13, 1942, P.R. Laws Ann. Tit. 29, § 469 (pregnancy discrimination); and Articles 1802 & 1803 of the Civil Code of P.R., 31 P.R. Laws Ann. tit. 31, §§ 5141 & 5142.

Lopez worked as both a draftsperson and foreman for Indupro, a construction company, beginning in March, 2003, until June, 2007. Docket # 9 at 6. Plaintiffs allege that in 2007, Lopez's duties were primarily those of a foreman. *Id.* at 8. They also aver that, in 2007, Lopez notified her supervisors that she was pregnant, that one supervisor responded with a sarcastic remark to the effect that she would have to be transferred from her job site to the hospital, and that Indupro terminated her employment soon thereafter. *Id.* Furthermore, the Complaint alleges that subsequential to Lopez's termination, Indupro assigned two males to cover Lopez's previous duties. *Id.* Defendants proffer a conflicting version of the facts, which will not be discussed because the action is still at the motion to dismiss stage.

Aggrieved by her termination, Lopez filed a charge of sex, or pregnancy, discrimination before the Equal Employment Opportunity Commission ("EEOC") on September 4, 2007. Discrimination claims brought before the EEOC often parallel Commonwealth law causes of action, and these claims may be originated either at the EEOC or the Commonwealth Department of Labor Anti–Discrimination Unit ("ADU"), in accordance with federal law that authorizes a Worksharing Agreement between the two agencies. At present, it is not clear whether the ADU made a contemporaneous evaluation of Lopez's claim, or if such an evaluation was necessary under the present Worksharing Agreement. Furthermore, if a concurrent referral did not occur in Lopez's case, the present facts do not shed light on why the ADU may not have received her charge, so it is impossible to assay the ramifications this could present.

Despite this factual void, the present Motion to Dismiss makes two principal arguments, one directed at absolving their own statutory liability, and another based

on alleged procedural deficiencies in Plaintiffs' causes of action. Defendants first posit that individual co-defendants are improperly named in this suit, because Plaintiffs causes of action do not provide for individual liability. A second argument is premised on allegations that Lopez's EEOC charge failed to toll the statute of limitations bother for her co-plaintiffs' concurrent causes of action, and for her own discrimination claims under Commonwealth law, namely Law 100 and Law·3.

**Standard of Review**

To survive a FED.R.CIV.P. 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." *Clark v. Boscher,* 514 F.3d 107, 112 (1st Cir.2008).[1] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in a plaintiff's favor. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan,* 513 F.3d 301, 305 (1st Cir.2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." *Id.* at 305–306. However, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." *LaChapelle v. Berkshire Life Ins.,* 142 F.3d 507, 508 (1st Cir.1998) (*quoting Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996)); *Buck v. American Airlines, Inc.,* 476 F.3d 29, 33 (1st Cir.2007); *see also Rogan v. Menino,* 175 F.3d 75, 77 (1st Cir.1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. *Berner v. Delahanty,* 129 F.3d 20, 25 (1st Cir.1997) (citing *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988)).

Therefore, "even under the liberal pleading standards of FED.R.CIV.P. 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" *Rodríguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92 (1st Cir.2007) (citing *Twombly,* 127 S.Ct. at 1965). Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Twombly,* 127 S.Ct. at 1965; *see also Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." *Parker v. Hurley,* 514 F.3d 87, 95 (1st Cir.2008).

---

1. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).

### Relevant Law & Analysis

Based on Defendants' Motion to Dismiss, Plaintiffs assent to the dismissal of the following causes of action: 1) Rivera and the Rivera–Lopez Conjugal Partnership's claims under local law,[2] 2) all Title VII claims against the individual co-defendants,[3] and 3) Lopez's claims under Article 1802 of the Civil Code of Puerto Rico.[4] Accordingly, this Court must still resolve the controversy regarding Defendants' allegations that Lopez's EEOC charge did not toll the one year statute of limitations for Law 100 and Law 3 claims.[5] Specifically, they argue that because these causes of action were not tolled, they were first presented contemporaneously with the filing of the present suit on June 12, 2009, more than two years after Lopez's termination, and are thus time-barred.

*Law 100 & Law 69 Tolling*

■■■■ This case presents a clear instance of the administrative maze that both plaintiffs and defendants must navigate within the state and federal employment discrimination structure. Nevertheless, it is well settled that if a Law 100 or Law 3 claim is not made, or properly notified to a defendant, within a one year statute of limitations from knowledge of the injury, this claim is lost. *Matos Molero v. Roche Prods., Inc.*, 132 D.P.R. 470 (1993). However, the statute of limitations for Law 100, and related statutes interpreted *in pari materia,* may be "interrupted" through a timely out-of-court, or extrajudicial, claim made before a proper administrative agency. The Supreme Court of Puerto Rico has held that out-of-court notification before an administrative proceeding "has a tolling value, and there is nothing against having statute of limitations rights indefinitely extended ..." as long as the defendant is properly notified. *Id.,* Official Translation at 9. Law 100 does not include compulsory administrative remedies as a prerequisite for bringing a cause of action. Moreover, unlike Article 1802, Law 100 has specific language for administrative tolling, which distinguishes the present action from *González Figueroa v. J.C. Penney Puerto Rico, Inc.,* 568 F.3d 313 (1st Cir.2009). *González Figueroa* held that an administrative discrimination complaint does not constitute an out-of-court claim sufficient to toll the Commonwealth's general damages statute. Therefore, the pertinent question before this Court is whether or not Plaintiff's EEOC complaint was facially sufficient to toll her Law 100 and Law 3 claims.

■■■■ Plaintiffs allege that the facts of this case are distinguishable from the Puerto Rico case law cited in *Rodriguez–Torres v. Caribbean Forms Manufacturer, Inc.,* 399 F.3d 52, 61 (1st Cir.2005), which at first glance appears dispositive of the present controversy. *Rodriguez–Torres* held that "Puerto Rico law recognizes a special tolling rule for employment discrimination claims brought pursuant to Law 100 [& Law 69] ..." whereby once an administrative charge is made at the Puerto Rico Department of Labor, [or the

---

2. Which would be time-barred in light of the ruling in *González Figueroa v. J.C. Penney Puerto Rico, Inc.,* 568 F.3d 313, 320 (1st Cir. 2009).

3. *Fantini v. Salem State College,* 557 F.3d 22, 28–31 (1st Cir.2009), clarified that Title VII claims may only be brought against statutory employers, which excludes individual defendants.

4. Lopez voluntarily desists from these claims which this Court will allow, although the law governing the Article 1802 statute of limitations is not as clear in her case.

5. This Court's jurisdiction over Lopez's Title VII claims is not disputed, and was not included in the Motion to Dismiss.

EEOC,] "the tolling effect continues during the entire pendency of the administrative proceeding." *Id.; see also Valentin–Almeyda v. Municipality of Aguadilla*, 447 F.3d 85, 102, n. 20 (1st Cir.2006). The tolling rule is part of Law 100, but the Puerto Rico Supreme Court extended it to administrative claims before the EEOC in *Matos Molero*, 132 D.P.R. 470. *See also Leon–Nogueras v. Univ. of P.R.*, 964 F.Supp. 585, 588 (D.P.R.1997). Furthermore, Law 100 is interpreted *in pari materia* with other employment laws, so if tolling is applied to Law 100 it should also extend to Law 3. *Cintron–Alonso v. GSA Caribbean Corp.*, 602 F.Supp.2d 319, 324 (D.P.R.2009).

Defendants allege that *Matos Molero* should no longer apply because it relied on the 1986 Worksharing Agreement in effect at the time between the EEOC and the Commonwealth, which has gone through subsequent iterations leaving the *Matos Molero* rule inapplicable to the present facts. This Court recognizes that *Matos Molero's ratio decidendi* could be construed to have relied on the premise that claims presented at the EEOC would always be initially deferred to the ADU, independently of which agency eventually oversaw the claim in accordance with the Worksharing Agreement. Nonetheless, this Court notes that *Rodriguez–Torres* was decided after the EEOC Puerto Rico office opened in 2001. *See* Docket # 13–4. In the current Worksharing Agreement both "... the EEOC and the FEPA each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges." *See* Docket # 2 at 9. This "... does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge."

One could construe this language in favor of Defendants, but the Worksharing Agreement also establishes that Title VII charges filed with the Commonwealth are considered dual-filed, and "vice versa." *Id.* at 3. Defendants' argument is appealing, yet, as Plaintiff emphasizes, it obviates relevant case law even after the EEOC opened a Puerto Rico field office in 2001. *Rodriguez–Torres*, 399 F.3d at 61; *see also Cintron–Alonso*, 602 F.Supp.2d at 324.

The other factual argument Defendants make to distinguish the case at bar from *Matos Molero* is that Plaintiff's EEOC charge did not unequivocally assert a state law claim. Of course, neither did her narration of the facts explicitly mention Title VII, or any other relevant statute. Defendants have only included the EEOC form, without the subsequent attachment detailing the charges. *See* Docket # 13–2. This is provided in the Commonwealth pleadings, and shows that Plaintiff specifically narrated that her claim is for pregnancy discrimination. Docket # 7–2 at 7 & 13. The Letter of Determination from the EEOC stated Plaintiff alleges pregnancy discrimination, and that "... timeliness, deferral and all other requirements for coverage have been met." *Id.* at 20.

██ Plaintiff's complaint to the EEOC was specific inasmuch as she requested redress for pregnancy discrimination and detailed the alleged facts that support her claim. Again, her language did not detail the applicable laws, but it was nonetheless specific and a reasonable member of the Puerto Rico Bar should quickly identify potential Law 100 liability from the face of the administrative complaint. Puerto Rico has a liberal pleading standard, especially in labor discrimination cases. As such, in light of *Rodriguez–Torres*, an employer's knowledge of a complaint for pregnancy discrimination at the EEOC should be suf-

ficient to put it on notice of Law 100 and Law 3 claims.

■ Defendants also attempt to conflate the present action with other civil rights claims, where an EEOC charge does not have a tolling effect. For example, because the EEOC has no jurisdiction over 42 U.S.C § 1983, a complaint to the EEOC or the Anti–Discrimination Unit does not toll civil rights claims arising under said statute. *Padilla Cintron v. Rossello Gonzalez,* 247 F.Supp.2d 48, 55–56 (D.P.R.2003). *Padilla Cintron* nevertheless stated, albeit in *dicta,* "[c]ase law clearly demonstrates that claims brought under Title VII or Puerto Rico Law 100, are not only tolled but are suspended pending the ultimate determination of the extrajudicial proceeding." *Id.*

One could read the development of the Law 100 tolling rule within the District of Puerto Rico and the First Circuit as somewhat the result of a feedback cycle, and not an extended analysis of *Matos Molero.* Nevertheless, the final paragraph of said opinion suggests that the Supreme Court of Puerto Rico gave significant weight to avoiding piecemeal litigation, and did not wish to dissuade plaintiffs with Law 100 claims from seeking an administrative remedy, either with the EEOC or the Commonwealth:

> Taking into account the extremely close collaboration relationship existing between both agencies, we may consider that the procedures in the EEOC replaced the state procedures. The public policy, both in the federal and the social spheres, is to provide the necessary administrative mechanisms to facilitate the extrajudicial conciliation and resolution of labor problems. Deciding that the use of these means would expose employees to losing their right to bring a court action would weaken the state scheme to implement this important public policy. It must be borne in mind that the administrative process is a requirement for bringing an action under Title VII, that is, the employer is aware and prepared for a possible court action once such procedures are over. The delay does not harm him in any way.

*Matos Molero,* 132 D.P.R. 470, Official Translation at 9.

When examined in context with the above passage, the present case certainly fits into *Matos Molero's* general framework of promoting extrajudicial conciliation of labor problems. This Court is not in a position to challenge Puerto Rico precedent, and recent First Circuit case law renders certification to the Supreme Court of Puerto Rico regarding the continued viability of *Matos Molero* unnecessary.

Even supposing that the factual scenario giving rise to this case is distinguishable from current precedent, the motion to dismiss stage is not the proper moment to dispose of such a controversy. Defendants make arguments premised on an alleged failure to transfer Plaintiff's case file to the Puerto Rico Department of Labor, and also regarding her alleged decision not to check the "FEPA" box when making the original charge at the EEOC. *See* Docket # 13 at 16–17. They aver that this shows Plaintiff, "did not unequivocally communicate her intention to Indupro of preserving her right under the local discrimination statutes." *Id.* While of possible value to the interpretation of the tolling rule, these factual arguments will be left for another day. They have not been fully presented or argued, and by their nature are best reserved for a motion for summary judgment.

However, considering the broad language employed in *Rodriguez–Torres,* a Law 100 claim may indubitably originate at the EEOC, and that in itself appears

to be sufficient. Thus, the factual ramifications of these alleged decisions may ultimately have no bearing on this legal controversy. Regardless, dismissal of Plaintiff's Law 100 and Law 3 claims cannot proceed at present.

## Conclusion

In light of the above, all claims against Bosch, and his Conjugal Partnership, are **DISMISSED with prejudice.** Plaintiffs Article 1802 and 1803 claims are **DISMISSED with prejudice,** along with Rivera's individual claims. However, the Motion to Dismiss is **DENIED** as to Lopez's Law 100 & Law 3 causes of action.

**IT IS SO ORDERED.**